T.V.T. CORPORATION, Jack Tendler, Gabriel Villeneuve, Appellants,

v.

Nick BASILIKO, Helen Basiliko, James L. Dixon and Jeane Dixon trading as James L. Dixon & Company, Cragin Donaldson, Lawrence A. Sinclitico, District Title Insurance Company, Appellees.

No. 13915.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 9, 1957.

Decided April 24, 1958.

Miss Elizabeth Guhring, Washington, D. C., for appellants. Mr. Alfred Bern-stein, Washington, D. C., also entered an appearance for appellants.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellees Basiliko.

Mr. Martin R. Fain, Washington, D. C., with whom Messrs. Thomas S. Jackson and Robert M. Gray, Washington, D. C., were on the brief, for appellees Sinclitico and District Title Ins. Co.

Messrs. F. Joseph Donohue and Joseph A. Kaufmann, Washington, D. C., were on the brief for appellee James L. Dixon and Jeane Dixon trading as James L. Dixon & Co., and appellee, Donaldson.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from summary judgments dismissing a complaint by one Jack Tendler, his associate Villeneuve and their corporation (T.V.T.), alleging fraud in a real estate transaction. Defendants' motions for summary judgment were based essentially on two grounds: (1) the action was barred by the statute of limitations, D.C.Code § 12–201 (1951), in that plaintiffs knew of the alleged fraud as early as April, 1953, but failed to bring suit within three years; and (2) the action was barred by res judicata, since the identical issues had been litigated in an unsuccessful suit brought against some of them by one Max Tendler, described as agent for the plaintiffs. See Tendler v. Basiliko, 1956, 97 U.S.App.D.C. 357, 231 F.2d 516. Following a hearing, the District Court granted the motions, but made no findings with respect to either of defendants' principal allegations. This appeal followed. Plaintiffs-appellants here urge that there is not, in their case, any identity of issues, parties or subject matter with those in the suit brought by Max Tendler. Thus, they argue, the requisite criteria for res judicata are absent. Appellants also claim that their alleged knowledge of the fraud for more than three years prior to the filing of their complaint was an issue of fact on which they were entitled to a trial.

■■ The difficulty with appellants' position here is that they have not given this court an adequate record for considering their claims. To quote the Seventh Circuit:

"All possible presumptions are indulged to sustain the action of the trial court. It is, therefore, elementary that an appellant seeking reversal of an order entered by the trial court must furnish to the appellate court a sufficient record to positively show the alleged error." In re Chapman Coal Co., 1952, 196 F.2d 779, at page 785.

On this appeal, appellants have given us as a record only the pleadings in the instant case, the motions for summary judgment, the judgments entered, and the notice of appeal. Under the circumstances, this is plainly insufficient.

Fed.R.Civ.P. 52(a), 28 U.S.C.A. specifically permits the District Court to grant motions for summary judgment without filing supporting findings of fact or conclusions of law. In ruling on the instant motions for summary judgment, the District Court could take judicial notice of its own records and files, including papers in related cases.[1] In order to rule on the claim of res judicata presented by defendants that court was bound to examine the records and files of the Max Tendler litigation.[2] Similarly, as defendants alleged that proof of plaintiffs' awareness of every element in the transactions complained of would be found in the depositions filed in the earlier suit, that record was also essential to the disposition of the case on the statute of limitations ground. In granting defendants' motions the District Court must have considered one or both of their contentions to be substantiated in the records of the prior case.

■ But the files and records of the previous litigation are not in the record on this appeal. Nor have we even been given a transcript of the proceedings before the District Court on the motions for summary judgment. It is the duty of the appellants to designate and file a record sufficient to enable us to pass on the errors of law they claim were committed below.[3] This they have not done. Although we may, in proper circumstances, take judicial notice of court records not specifically presented to us by the parties,[4] we cannot be expected, *nostra sponte*, to undertake exploration of the voluminous files of the District Court in collateral litigation for the purpose of investigating an obviously delayed claim of fraud in a real estate transaction.[5] Cf. Fraser v. Doing, supra note 2.

For these reasons, the judgment of the District Court must be

Affirmed.

1. Fletcher v. Evening Star Newspaper Co., 1942, 77 U.S.App.D.C. 99, 133 F. 2d 395; Nahtel Corp. v. West Virginia Pulp & Paper Co., 2 Cir., 1944, 141 F.2d 1; Ellis v. Cates, 4 Cir., 1949, 178 F. 2d 791, certiorari denied, 1950, 339 U.S. 964, 70 S.Ct. 999, 94 L.Ed. 1373; Latta v. Western Investment Co., 9 Cir., 173 F.2d 69, certiorari denied, 1949, 337 U.S. 940, 69 S.Ct. 1516, 93 L.Ed. 1744.

2. Washington Gaslight Co. v. District of Columbia, 1896, 161 U.S. 316, 329, 16 S. Ct. 564, 40 L.Ed. 712; Fraser v. Doing, 1942, 76 U.S.App.D.C. 111, 130 F.2d 617; Daley v. Sears, Roebuck & Co., D.C.N.D. Ohio 1950, 90 F.Supp. 562.

3. Fed.R.Civ.P. 75(a); Fraser v. Doing, supra note 2; Junghans v. Junghans, 1940, 72 App.D.C. 129, 130, 112 F.2d 212, 213; Brown v. Norfolk & W. R. Co., 4 Cir., 1927, 20 F.2d 133, 134; In re Chapman Coal Co., supra; Zander v. Lutheran Brotherhood, 8 Cir., 1943, 137 F.2d 17, 21.

4. See, e. g., Butler v. Eaton, 1891, 141 U.S. 240, 244, 11 S.Ct. 985, 35 L.Ed. 713; Gatewood v. United States, 1953, 93 U.S. App.D.C. 226, 230, 209 F.2d 789, 793; Nahtel Corp. v. West Virginia Pulp & Paper Co., supra note 1; Zahn v. Transamerica Corp., 3 Cir., 1947, 162 F.2d 36, 48 note 20, 172 A.L.R. 495; Pennsylvania R. Co. v. City of Girard, 6 Cir., 1954, 210 F.2d 437, 439; Latta v. Western Investment Co., supra note 1; McCormick, Evidence, § 328 (1954); Wigmore, Evidence § 2579 (3d ed. 1940).

5. The records of this court in the appeal in the Max Tendler litigation, see 1956, 97 U.S.App.D.C. 357, 231 F.2d 516, are

---

insufficient for the purpose, since the points raised on that appeal were not related to those now raised. Even as to those records, we are not given any specific references by appellants to anything therein contained on which they might or do rely.