**ARNOLD PRODUCTIONS, INC.,**
Plaintiff-Appellant,

v.

**FAVORITE FILMS CORPORATION** and
Nationwide Television Corporation,
Defendants-Appellees.

**No. 25995.**

United States Court of Appeals
Second Circuit.

Argued May 22, 1961.

Decided June 12, 1961.

Samuel Gottlieb (of Gainsburg, Gottlieb, Levitan & Cole), New York City, for plaintiff-appellant.

Harold J. Sherman (of Fitelson & Mayers), New York City, for defendant-appellee Favorite Films Corp.

Winfield E. Aronberg, New York City, for defendant-appellee Nationwide Television Corp.

Before CLARK, HINCKS, and WATERMAN, Circuit Judges.

CLARK, Circuit Judge.

■ Defendants-appellees ask us to require the plaintiff to print as a joint or supplemental appendix all parts of the record not printed in the plaintiff's appendix already on file. The present appeal is taken by plaintiff from what it considers an inadequate award for a breach of a contract governing the dis-

tribution of two motion pictures.[1] On this restricted issue it has filed a printed appendix of 85 pages in addition to its printed brief of 37 pages. This appendix appears to contain roughly about one-third the typewritten transcript and record, on file as required by the rules. See F.R. 75(o) and rules 11 and 15 of this court. Under these rules the parties assume the burden of presenting to us these parts of the record, already available to us in typewritten form, upon which they particularly rely. Here the plaintiff-appellant has duly and fully complied with the requirements; it is now the defendants' responsibility to add anything further they may need by way of their own appendix. We do not ordinarily spend time to discuss this simple procedure and these clear rules. But because the defendants' misconceptions of our practice are apparently shared by others, it seems desirable to accompany our denial of their motion with a brief explanation of our practice.

It was not long ago that we were as much slaves to the record as was any ancient English court.[2] When a formal printed record was a *sine qua non* to an appeal, it was natural that the parties should vigorously contest what was in and what was not in this highly sacred document. In view of its importance, coupled with the lawyers' heightened sense of vested rights in favoring procedural steps, the bitterest contests before us were over what were claimed to be necessary expansions of the record. And to us these contests were completely frustrating, since they came at a time when we had no advance knowledge of what the appeal was about and little chance to learn from the generally inadequate affidavits submitted. It was an impossible situation to handle with any real intelligence.

The improvement came first with the adoption of the federal civil rules in 1938, providing for a greatly simplified system of appeal; it reached its present level with the adoption in 1948 of subdivision (o) of F.R. 75, allowing appellate courts the privilege of accepting appeals on the original papers below.[3] This was a complete loosening of the old shackles of the formal record. Now the district court clerk sends us all the papers he has on the case, and this inclusive and unprinted record is always before us. Meanwhile the parties bring to the appellate court the issues they would present, with supporting material chosen for that purpose, just as the parties present their case below. Most of the courts of appeals now follow this course;[4] those few which have more formal requirements of printing are failing to appreciate what a boon this has been, one of

---

1. D.C.S.D.N.Y., 176 F.Supp. 862.

2. "When it was proposed to give power to amend the statement, 'Good Heavens!' exclaimed Baron [Parke], 'think of the state of the Record!'—i. e., the sacred parchment, which it was proposed to defile by erasures and alterations." Lord Chief Justice Coleridge, The Law in 1847 and the Law in 1889, 37 Contemp.Rev. 787 (1890), quoted in Vanderbilt, Improving the Administration of Justice 87 (1957); id., The Challenge of Law Reform 42 (1955); id., Cases and Other Materials on Modern Procedure and Judicial Administration 17 (1952); id., Men and Measures in the Law 103 (1949); Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 65 A.2d 833.

3. Report of Proposed Amendments to Rules of Civil Procedure for the District Courts of the United States, June 1946, Rule 75, Note 1, Subdivision (o), and Note 2, pp. 105–106. See Clark, Making Courts Efficient, 8 UCLA L.Rev. 489, 493 (1961).

4. According to the table appearing, with citations, in 28 U.S.C.A., United States Court of Appeals Rules, p. 12, all circuits except the D.C. and Fifth Circuits then provided for appeals on the original papers. The D.C. Rule 12 was changed in 1958. See 22 F.R.D. 211 and note 5 *infra*. Two circuits still require a printed record—Fifth Cir. Rule 23; Eighth Cir. Rule 10. See also Ninth Cir. Rules 10(2) and 17 as to appeals in civil cases, and Tenth Cir. Rules 16, 17, requiring reproduction of the record by offset duplication. In general see Vanderbilt, Minimum Standards of Judicial Administration 419–422 (1949).

the truly great accomplishments of the federal procedural reform.[5]

There are three major advantages resulting from our present system. First and most important was the ending of the tyranny of the record. No longer do we have to sit in judgment on the violent shadowboxing of counsel as to the contents of the record. And the procedure was made more functional in that each party presented his own case and was not burdened with developing the case for his adversary. Second the saving in the heavy cost of printing has been a notable advance; [6] with the development of modern reproducing devices it seems probable that this can go yet further than it has to date. The system also aids in the more equitable adjustment of costs at the end of the case; for each party has initially paid for his own selected material and will be required to pay for more only on court order as provided in our rule 15(e). And lastly the method calls for careful advance study of the case and record by each counsel in preparing his appendix, and thus tends to better presentation of his appeal.

▉ This last factor deserves some special consideration lest, indeed, it be overemphasized and pressed out of place. Such criticism as has occurred seems to be directed to the failure of lawyers to take advantage of the opportunity for improved presentation of their case thus accorded them.[7] Such failure is unfortunate, but on the whole rather to be expected. For lawyers do vary in their skill, experience, and adroitness; and no formal rules will make them uniform in ability. The variations we note here seem hardly more than the natural variations of professional skill we must accept generally; and it may well be a question how far we should press formal compliance with rules upon those unable to operate them easily. Then, too, there is the inevitable danger of enforcing procedural requirements on counsel at the expense of their clients. It is a teaching of experience that pressing procedural precision overfar advantages the well fixed litigant with access to top professional talent. In any event we have the whole record before us [8] and can supply the deficiencies of counsel if we need to do so. How far we shall go is primarily within the discretion of each sitting panel; the point is that these minor failures of counsel do not suggest any real difficulty in the system or the need of more drastic rules more drastically enforced.

▉ In short we have a simple and practical system which we do not wish to lose. If defendants are financially burdened by fulfilling the requirements, as they assert, they should move for relief from printing; we are accustomed to grant such relief freely. There surely is no need of going back to the old required printed record, whether disguised as a joint appendix or otherwise. In consequence the motion to compel such printing is denied.

5. Since Oct. 1, 1958, Rule 16 of the D.C. Circuit has required a compulsory joint appendix. Several circuits allow an *optional* joint appendix, e. g., Second Cir. Rule 15(d); Third Cir. Rule 24(6); Sixth Cir. Rule 16(5); Seventh Cir. Rule 16(d).

6. Nims, Shortening Records on Appeal, 28 J.Am.Jud.Soc'y 73 (1944); Dean, *Fourth Circuit Rule 10 Reduces Brief Printing Costs,* 26 J.Am.Jud.Soc'y 148 (1943); Willcox, Karlen & Roemer, Justice Lost—By What Appellate Papers Cost, 33 N.Y.U.L.Rev. 934 (1958).

7. See, e. g., United States v. Lefkowitz, 2 Cir., 284 F.2d 310, 316; Ribeiro v. United Fruit Co., 2 Cir., 284 F.2d 317, 319; T. V. T. Corp. v. Basiliko, 103 U.S.App.D.C. 181, 257 F.2d 185.

8. Including any transcript of the testimony on file below or supplied by the appellant, "subject to the right of an appellee either to file additional portions or to procure an order from the district court requiring the appellant to do so." F.R. 75(o).