298 F.2d 206
 Lionel WALTERS, Plaintiff-Appellant,
v.
SHARI MUSIC PUBLISHING CORPORATION, Irving Burgie also known
as Lord Burgess, Radio Corporation of America (RCA
Victor Record Division) Harry Belafonte,
Defendants-Appellees.
 Docket 27021.
 United States Court of Appeals Second Circuit.
 Motion Argued Jan. 15, 1962.
Decided Jan. 24, 1962.
 
 Theodore R. Kupferman, New York City (Kupferman & Price, New York City on the papers), for plaintiff-appellant.
 Edward Labaton, New York City (Kramer & Lans, New York City, on the papers), for defendants-appellees.
 Before MEDINA, MOORE and SMITH, Circuit Judges.
 MEDINA, Circuit Judge.
 
 
 1
 As this Court had 'become aware that some counsel have apparently decided to honor Rule 15(b) in the breach,' it was stated in United States v. Lefkowitz, 2 Cir., 1960, 284 F.2d 310, at p. 316:
 
 
 2
 'It is not our intention to permit Rule 15(b) to be ignored as it now too often is, and we shall feel free to adopt appropriate sanctions for its violation, such as requiring the filing of proper appendices either before of after argument, disregarding portions of the transcript not reproduced, and, in cases of flagrant breach by appellants, dismissal of the appeal.'
 
 
 3
 This warning was repeated in Ribeiro v. United Fruit Company, 2 Cir., 1960, 284 F.2d 317, 319, and in Carabellese v. Naviera Aznar, S.A., 2 Cir., 1960, 285 F.2d 355, 361.
 
 
 4
 Moreover, in Arnold Productions, Inc. v. Favorite Films Corporation, 2 Cir., 1961, 291 F.2d 94, Judge Clark gave members of the Bar a description of the historical bankground against which our Rule 15(b) was formulated, together with explicit and comprehensive information concerning the manner in which it was expected attorneys could easily and without the necessity of application to the Court comply with the simple requirements of the Rule, thus saving the time of both Court and counsel, and avoiding unnecessary bills for printing parts of the record not particularly relied upon by counsel for either side in support of their arguments for reversal or affirmance or modification of the order or judgment appealed from. Thus, as pointed out by Judge Clark in that case, at page 96, 'the procedure was made more functional in that each party presented his own case and was not burdened with developing the case for his adversary.' In all cases appellant is required to set forth in his appendix the Statement required by Rule 15(b) and the Index required by Rule 15(c).
 
 
 5
 In the case before us now appellant has filed a six page so-called appendix, containing only a copy of an opinion by Judge Palmieri, filed on April 13, 1961, and a copy of an opinion by Judge Dawson, filed March 3, 1961. There is no Statement such as is required by Rule 15(b), no Index as required by Rule 15(c), no copies of the pleadings, the Pretrial Order of Judge Bryan, filed November 21, 1960, the opinion of Judge Dimock, filed April 22, 1960, denying plaintiff-appellant's motion for summary judgment and granting defendants-appellees' motion for summary judgment. Furthermore, such portions of appellant's affidavits read in support of appellant's motion for summary judgment and in opposition to appellees' motion for summary judgment, as are relied upon in appellant's brief are not printed. True there are in appellant's brief a few excerpts from some of the papers above enumerated, but this only makes the matter worse, as the Court will be required to look at the file containing voluminous papers in order to put the excerpts in context and understand them, unless appellees take over appellant's burden of complying with Rule 15(b).
 
 
 6
 The net result is that we do not have even a token compliance with Rule 15(b). No real effort has been made to set forth the material necessary to make it possible for the Court to understand the arguments for reversal contained in appellant's brief.
 
 
 7
 We most sincerely hope that what has already been written by us on the subject will have the desired result of bringing to an end this practice of wholly disregarding the simple requirements of Rule 15(b). The last thing we wish to do is to encourage the Bar to flood us with more motions like the one now before us. If the litigant cannot afford the expense of printing, we are always willing to entertain applications to dispense with printing and permit the filing of typewritten papers or papers reproduced by some other method more economical than printing. We hope it will not be necessary unconditionally to dismiss appeals for failure to comply with Rule 15(b), but we are frank to repeat the admonition in Lefkowitz, quoted in the opening paragraph of this opinion, that in flagrant cases it may come to that.
 
 
 8
 Appellees' motion to dismiss the appeal is granted unless, on or before February 15, 1962, appellant files a new printed appendix containing in addition to the two opinions already set forth: the Statement required by Rule 15(b), the Index required by Rule 15(c), copies of the complaint and the amended complaint, a copy of the opinion of Judge Dimock, filed April 22, 1960, together with copies of such of appellant's affidavits, considered by Judge Dimock, as may contain matter relied upon by appellant on the instant appeal, and a copy of the Pretrial Order of Judge Bryan, filed November 21, 1960; with $25.00 costs, to be paid by the attorneys for appellant to the attorneys for appellees.
 
 
 9
 The motion for an order extending the time of appellees to file their brief and appendix on their cross-appeal is granted, and the time is extended to March 16, 1962.