JONATHAN WOODNER
COMPANY, Appellant,

v.

Margaret ADAMS, et al., Appellees.

No. 86–1170.

District of Columbia Court of Appeals.

Argued Oct. 6, 1987.

Decided Oct. 28, 1987.

Arthur D. McKey, Washington, D.C., for appellant.

Roy L. Pearson, Jr., Washington, D.C., for appellees.

Before PRYOR, Chief Judge, and FERREN and ROGERS, Associate Judges.

ROGERS, Associate Judge:

This is an appeal by a landlord from an adverse judgment in a nonpayment of rent action. The tenants counterclaimed alleging that housing code violations had voided their leases, and, alternatively, that the landlord had breached its implied warranty of habitability. After trial by jury a money judgment was entered for the tenants. On appeal, the landlord contends that the pretrial judge erred in failing to give collateral estoppel effect to certain facts it alleged were decided in prior litigation between the parties, and that the trial judge erred in refusing to judicially notice an appellate decision or to permit portions of that decision to be read to the jury. We affirm.

**I**

In June, 1979, appellant Jonathan Woodner Company ("Woodner") filed separate actions for possession alleging nonpayment of rent against Margaret Adams and the other remaining tenants ("tenants") in Park Towers, 2440 Sixteenth Street, N.W.[1] In August, 1980, Woodner filed additional actions for possession against many of the same tenants alleging they had breached their leases by refusing Woodner access to their apartments. These cases were consolidated in 1979 and 1980. In November, 1980, the trial court granted Woodner's motion to dismiss the actions based on nonpayment of rent after Woodner successfully moved to dismiss the tenants' counterclaims. In December, 1980, a jury found that all but one of the defendants in the possessory actions had breached their leases, and Woodner was awarded judgment which was affirmed by this court in *Joyner v. Jonathan Woodner Co.*, 479 A.2d 308 (D.C.1984).

The tenants appealed the dismissal of their counterclaims and in *Adams v. Jonathan Woodner Co.*, 475 A.2d 393 (D.C. 1984), this court reversed and remanded the case for trial. In the trial court Woodner's motion to reinstate its claim for a money judgment was granted. In pretrial proceedings Woodner sought collateral estoppel effect regarding two issues it alleged had been litigated in *Joyner*. Woodner contended that the tenants were estopped from denying, first, the validity of the leases, and, second, that they had refused Woodner access to their apartments to do repair work in 1980. After a careful review of the record in *Joyner*, the pretrial judge rejected Woodner's collateral estoppel arguments. At trial the judge rejected Woodner's request to take judicial notice of the *Joyner* opinion and refused to allow portions of the opinion to be read to the jury. Following a month long trial, the jury found for the tenants and a $52,396.96 judgment was entered in their favor.

**II**

We address first the preliminary issue of the record on appeal. Prior to oral argu-

---

1. A detailed description of the facts involved in the ongoing litigation between these parties appears in *Joyner v. Jonathan Woodner Co.*, 479 A.2d 308 (D.C.1984), and *Adams v. Jonathan Woodner Co.*, 475 A.2d 393 (D.C.1984).

ment, and nearly one year after filing its Notice of Appeal and Designation of Record, Woodner requested leave to file a supplementary designation of record on appeal. This request was in addition to its request for this court to "take judicial notice of the record in the *Joyner* case." Brief for Appellant at 2; see note 12, *infra*. Since then, on the eve of oral argument, Woodner has filed two additional requests to supplement the record. We deny the requests.

The pretrial judge's ruling on collateral estoppel, like any trial court judgment, is to be treated as presumptively correct. *Auxier v. Kraisel*, 466 A.2d 416, 418 (D.C.1983). Appellant has the burden of demonstrating trial court error and must provide the appellate court with a record sufficient to show affirmatively that error occurred. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982); *T.V.T. Corp. v. Basiliko*, 103 U.S.App.D.C. 181, 183, 257 F.2d 185, 187 (1958). Appellant bears the burden of perfecting the appellate record and may not shift that responsibility to this court. *Cobb v. Standard Drug Co., supra,* 453 A.2d at 111.

The deadline for designating the record and transcript that Woodner wishes to rely upon in its appeal expired nearly one year ago. D.C.App.R. 10(a)(1) provides:

> The appellant shall serve upon the appellee and file with the Clerk of the Superior Court six copies of a designation of the portions of the trial court record to be included in the record on appeal within ten days from the date of the filing of the notice of appeal....

In addition, D.C.App.R. 10(c)(1) provides:

> If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the record shall include the reporter's transcript of all evidence relevant to such finding or conclusion.[2]

Although Woodner's primary contention on appeal is that the pretrial judge erred in refusing to grant collateral estoppel effect to the decision in *Joyner*, it did not order a transcript of the hearing before the pretrial judge.[3] Further, Woodner inexplicably failed to designate the transcript, or any other portion of the record in *Joyner*, that it relies upon in this appeal.[4] Obviously Woodner cannot affirmatively show that the pretrial judge's findings on collateral estoppel are clearly erroneous without providing, at a minimum, a transcript of the pretrial hearing, the transcript of the *Joyner* trial and other relevant portions of the *Joyner* record. One reason appellants are required to designate a record on appeal in a timely fashion is to provide appellees an opportunity to decide whether they wish to counterdesignate portions of the record. The tenants researched and briefed the issues on appeal in reliance upon the record that Woodner

---

2. The Federal Rules of Appellate Procedure contain this identical provision governing the designation of record on appeal. FED.R.APP.P. 10(b). In light of this similarity, we will look to federal case law for guidance in interpreting D.C.APP.R. 10(c). *Cole v. United States*, 478 A.2d 277, 283 n. 5 (D.C.1984). FED.R.APP.P. 10(b)

> places the burden of ordering ... [the] necessary parts of the transcript squarely upon the appellant.... This is so because of the familiar rule of appellate practice that the burden of showing error by reference to matters of record is upon the appellant. Unless the record that he brings before the court of appeals affirmatively shows the occurrence of the matters upon which he relies for relief, he may not urge those matters on appeal.

9 J. MOORE, B. WARD & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 210.05[1], at 10–23 (2d ed. 1987). "Where an appellant raises issues that are factually dependent yet fails to provide a transcript of the pertinent proceedings in the district court

... we will not review the allegations." *Muniz Ramirez v. Puerto Rico Fire Services*, 757 F.2d 1357, 1358 (1st Cir.1985); *Brattrud v. Town of Exline*, 628 F.2d 1098, 1099 (8th Cir.1980); *McDonough Marine Service, Inc. v. M/V Royal Street*, 608 F.2d 203, 204 (5th Cir.1979); *Herron v. Rozelle*, 480 F.2d 282, 288 (10th Cir.1973).

3. Although we recognize that transcripts are not made of all pretrial proceedings, we have a transcript of the March 7, 1986, proceeding before Judge von Kann and Woodner has never contested the tenants' claim that a transcript of the March 26, 1986, proceeding exists.

4. Woodner's failure to designate the *Joyner* transcript and other parts of the *Joyner* record is even more incomprehensible in light of its designation of several memoranda concerning the alleged collateral estoppel effect of the *Joyner* decision.

indicated would be the entire record on appeal. The record reveals no basis for permitting Woodner to circumvent this court's procedural rules by supplementing the record [5] on appeal at this late date. *Cf. Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 518 (D.C.1985) (knowledge of court rules ordinarily imputed to counsel) .

## III

■ Woodner contends that the pretrial judge erred in ruling that the tenants were not collaterally estopped [6] by *Joyner* from denying the validity of their leases in the instant case. The general rule of collateral estoppel is stated in the RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982):

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

quoted in *Ali Baba Co. v. Wilco, Inc., supra* note 6, 482 A.2d at 421 (footnotes omitted). *See also Henderson v. Snider Bros., Inc.,* 439 A.2d 481, 483 (D.C.1981) (en banc) (collateral estoppel involves relitigation of factual matters which were necessarily determined in first ligitation). Woodner's assertion that the validity of the leases was actually litigated because the tenants stipulated [7] to their validity is directly contradicted by RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment e (1982), which states that "[a]n issue is not actually litigated ... if it is the subject of a stipulation between the parties." A stipulation may bind the parties in a subsequent action "if the parties have manifested an intention to that effect." *Id.* Woodner does not claim, however, and our review of the record on appeal does not disclose, any manifestation of an intention by either party to be bound on the issue of lease validity.[8]

■ Woodner also contends that the validity of the leases was actually litigated in *Joyner* because it was the principal ele-

---

**5.** Even if we were to grant Woodner's motion to supplement its designation of record on appeal, the record would still be deficient for purposes of evaluating its collateral estoppel claim. Woodner's motion to supplement refers only to a portion of the *Joyner* transcript, as well as jury verdict forms, jury interrogatories and other portions of the record in the instant case. Woodner has not asked to designate the transcript of the hearing before the pretrial judge.

**6.** Woodner also claims that the closely related doctrine of res judicata applies. Collateral estoppel is distinct from res judicata which applies when the parties, claims and evidence necessary to establish them are the same. *Ali Baba Co. v. Wilco, Inc.,* 482 A.2d 418, 422 n. 8 (D.C. 1984). Under these circumstances, res judicata "bars relitigation of not only those matters actually litigated but also those which might have been litigated in the first proceeding." *Goldkind v. Snider Bros., Inc.,* 467 A.2d 468, 473 n. 10 (D.C.1983). Although the pretrial judge *sua sponte* mentioned res judicata, by failing to raise this issue below Woodner waived the right to raise this issue on appeal. *Gillespie v. Washington,* 395 A.2d 18, 21 (D.C.1978). Moreover, *Joyner* involved a cause of action (possessory action alleging lease violation) different from the instant case (nonpayment of rent). *See, e.g., Block v. Wilson,* 54 A.2d 646, 648 (D.C.1947).

**7.** Contrary to Woodner's position in the pretrial proceedings and in its main brief, Woodner asserts for the first time in its reply brief that

the tenants did not stipulate to the validity of the leases in *Joyner. See* Reply Brief of Appellant at 3 n. 3. This argument was not raised before the pretrial judge and has thus been waived. *See Brooks v. Jensen,* 73 A.2d 32, 33 (D.C.1950) (matters not raised and passed upon in trial court afford no basis for appellate review); *Zindler v. Buchanon,* 61 A.2d 616, 617 (D.C.1948) (appellate courts can only correct errors of trial courts brought to attention of and passed on by that court).

**8.** Woodner also claims for the first time in its reply brief that because the tenants had a "full and fair opportunity" in *Joyner* to raise the defense of housing code violations the issue of lease validity was actually litigated. *See* Reply Brief of Appellant at 4. Even if we ignore the fact that this argument is at odds with Woodner's earlier assertion that the parties had stipulated to this issue, "[a]n issue is not actually litigated if the defendant might have interposed it as an affirmative defense but failed to do so." RESTATEMENT (SECOND) OF JUDGMENTS § 27 comment e, *supra.* Furthermore, the tenants could not have asserted an affirmative defense grounded upon the presence of housing code violations because that would not have excused the tenants from complying with their obligations under the lease. *Joyner v. Jonathan Woodner Co., supra,* 479 A.2d at 311 n. 4.

ment of its *prima facie* case. Although this argument was not directly advanced before the pretrial judge, see *supra* note 7, as we understand it this is a reformulation of Woodner's argument below that a determination that the leases were valid was "inherent in the jury's verdict." Regardless of how the argument is framed, the validity of the leases could not have been actually litigated or essential to the judgment if the parties entered into a stipulation to that effect. The record before us provides no indication that the jury in *Joyner* ever considered whether the leases were valid during the course of its deliberations, and we decline to make such an inference.[9]

Woodner further claims that the pretrial judge erred in ruling that the tenants were not collaterally estopped from litigating the issue of whether they had denied Woodner access to their apartments for all purposes by refusing to make their keys available. Section seven of each tenant's lease has four disjunctive provisions relating to access:

> 7. That he will allow Landlord and its agents to have access to said premises at any time for purposes of inspection, *or* in the event of fire or other property damage, *or* for the purpose of installing or removing screens, *or* for the purpose of making any repairs Landlord considers necessary and desirable.

(Emphasis added). In *Joyner*, each of the jury verdict forms read as follows:

1. That the defendant DID __x__ DID NOT ___ deny the plaintiff access to his/her apartment in violation of his/her lease at any time during the period from January 1980 to July 3, 1980.

2. That the defendant DID ___ DID NOT __x__ cure the violation of the lease agreement during the 30–day period from July 3, 1980 through August 3, 1980.

A careful reading of the jury interrogatories together with section seven of the lease reveals that a juror could decide in Woodner's favor if the juror concluded that a tenant had violated any one of the provisions at any time within the specified period. Due to the lack of specificity in the jury verdicts, it is impossible to determine conclusively which of the lease provisions the tenant violated. *See Copening v. United States*, 353 A.2d 305, 309 (D.C.1976) (where the prior judgment relied upon is in form of general verdict, the prerequisites for collateral estoppel are even more difficult to establish). "Unless the record of the prior proceeding affirmatively demonstrates that an issue involved in the second trial was definitely determined in the former trial, the possibility that it may have been does not prevent the relitigation of that issue." *Id.* at 309–10 (quoting *United States v. Smith*, 337 A.2d 499, 503 (D.C. 1975)).[10] Since Woodner has failed to demonstrate affirmatively that *Joyner* resolved the precise factual question presented in the instant case, collateral estoppel principles do not apply.[11]

---

**9.** Woodner's other arguments concerning the validity of the leases are also raised for the first time on appeal and, therefore, cannot be the basis for reversing the pretrial judge, *Gillespie v. Washington, supra* note 6, 395 A.2d at 21, unless Woodner demonstrates that a manifest miscarriage of justice would result. *Scoggins v. Jude*, 419 A.2d 999, 1002 (D.C.1980). No showing of manifest injustice is evident.

**10.** See also this statement regarding alternative grounds of judgment in 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice ¶ 0.443[4], at 778 (2d ed. 1984):

> [I]f ... [a] judgment might have been based upon one or more of several grounds, but does not expressly rely upon any one of them, then none of them is conclusively established

under the doctrine of collateral estoppel, since it is impossible for another court to tell which issue or issues were adjudged by the rendering court.

**11.** In its reply brief, Woodner relies heavily upon *Synanon Church v. United States*, 261 U.S. App.D.C. 13, 820 F.2d 421 (1987). Taking guidance from the Restatement (Second) of Judgments, the court in *Synanon* rejected the distinction between ultimate and mediate facts traditionally used to define the scope of issue preclusion. *Id.* at ——, 820 F.2d at 426. Recognizing that "parties may have expended great effort in proving whether or not [a] fact existed," *id.* at ——, 820 F.2d at 426, even though that fact was not an "ultimate fact," the court held that "preclusive effect may be accorded to a decision on an issue if that issue was 'actually recognized by

## IV

 Woodner claims that the trial judge erred in failing to take judicial notice of the entire *Joyner* opinion and refusing to permit the opinion's background statement of the facts to be read to the jury. While it is true that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records," 21 C. Wright & K. Graham, Federal Practice and Procedure § 5106 (Supp.1987), that does not necessarily imply that a court must therefore notice the truth of all facts that are asserted in those records. *Id.* at § 5104; *United States v. American Telephone & Telegraph Co.*, 83 F.R.D. 323, 334 n. 25 (D.D.C.1979). The background statement of facts in *Joyner* is mere dicta, cannot be considered a resolution of an issue, *Maggard v. O'Connell*, 227 U.S.App.D.C. 62, 68, 703 F.2d 1284, 1290 (1983), and therefore is not a proper subject for judicial notice. This is particularly true when, as in *Joyner*, the issues on appeal were procedural in nature, did not involve reviewing the sufficiency of the evidence, and would have effectively circumvented the pretrial ruling on collateral estoppel. We are satisfied that the trial court did not abuse its discretion.[12]

## V

Appellees seek "just damages" and costs under D.C.App.R. 38 on the grounds appellant has failed to present a single non-frivolous issue. Even with the limited record which appellant has designated pursuant to our Rule 10, however, we are unpersuaded that the collateral estoppel questions were frivolous; the pretrial judge wrestled with the issue, and it is not free from doubt. We will not deem an appeal frivolous under our rule simply because of appellant's counsel's carelessness in designating a complete record for appeal. Appellees, of course, can still request costs under D.C. App.R. 39.

Accordingly, the judgment is affirmed.

---

the parties as important and by the trier of fact as necessary to the first judgment.'" 261 U.S. App.D.C. at ——, 820 F.2d at 427 (quoting Restatement (Second) of Judgments § 27 comment j (1982)). While we agree with *Synanon's* statement of the law, its teachings are inapposite to the facts of the instant case. Even if we assume that by stipulating to the validity of the leases the parties recognized the "importance" of the issue, we cannot conclude that the jury saw the issue as necessary to its judgment due to the imprecise wording of the jury interrogatories.

**12.** We decline Woodner's request that this court "take judicial notice of the record in the *Joyner* case." Despite the fact that Woodner's primary contentions on appeal relate to collateral estoppel, Woodner carelessly neglected to designate the transcript, or any other portion of the record in *Joyner*, that it relied upon in this appeal. D.C.App.R. 10(a) & (c); see also Part II of this opinion, *supra*. Without any indication of the portions of the record upon which appellant was relying, the tenants' mere access to the records in *Joyner* does not eliminate the prejudice they would face in preparing their brief. In addition, we agree fully with the following observation:

> It is the duty of the appellants to designate and file a record sufficient to enable us to pass on the errors of law they claim were committed below. This they have not done. Although we may, in proper circumstances, take judicial notice of court records not specifically presented to us by the parties, we cannot be expected, *nostra sponte*, to undertake exploration of the voluminous files of the [Superior] Court in collateral litigation....

*T.V.T. Corp. v. Basiliko, supra*, 103 U.S.App.D.C. at 183, 257 F.2d at 187 (footnotes omitted).