## KLOPFER *v.* DISTRICT OF COLUMBIA.

APPEAL AND ERROR; STREETS AND SIDEWALKS; MUNICIPAL CORPORATIONS;
MASTER AND SERVANT.

1. A bill of exceptions must give, and must purport to give, all of the testimony bearing upon the ruling of the lower court complained of; and when the ruling is upon the whole testimony,—as, when a verdict is directed,—the record must give, and must purport to give, the substance of all of the testimony, except such as does not bear upon the ruling.

2. A bill of exceptions in a case in which a verdict was directed for the defendant at the close of all the testimony is sufficient, although it does not in terms purport to contain all the testimony, or the substance of it, where it states, after giving in detail the testimony of the witnesses on both sides, that "counsel for both plaintiff and defendant announced that they had no further testimony to offer, and rested their case," and it is not contended as matter of fact, by the appellee, that any substantial testimony has been omitted.

3. A special policeman commissioned by the District of Columbia, but employed only for the purpose of guarding the property of private individuals, who pay him for his services, is not charged with the duty of removing obstructions from, or repairing defects in, the sidewalks in his beat, and, if injured by reason of the negligence of the District of Columbia in failing to keep such a sidewalk in a safe condition, is entitled to recover damages from the District for his injuries.

No. 1446.   Submitted January 25, 1905.   Decided February 7, 1905.

HEARING on an appeal by the plaintiff from a judgment of

the Supreme Court of the District of Columbia upon a verdict directed by the court in an action against the District of Columbia to recover damages for personal injuries. *Reversed.*

The COURT in the opinion stated the case as follows:

The appellant, Benjamin Klopfer, is or was a private watchman by night, commissioned as a private in the Metropolitan Police force, but without compensation from the District of Columbia, and employed at their own charge and cost by private persons to guard their private property. While so employed, a little before midnight on the evening of February 16, 1903, he was injured by stepping into a hole in the sidewalk of C street northwest, near Twelfth street, which had existed for several months, and which had been caused by bricks becoming loose and missing. The hole was about the depth of a brick and the size of it was from four to seven or eight bricks. On the evening in question the hole was covered with snow; and it was by stepping on a loose brick on the edge of it, which turned over, that the appellant was injured. He himself had noticed the defective condition of the street for several months prior to the accident, and had reported it to the nearest station to which he was in the habit of reporting. He knew that there was a hole about that place; but at the time of the accident it was so covered with snow that he could not then see it.

Under these circumstances and conditions, the appellant as plaintiff entered suit in the supreme court of the District against the District of Columbia, on the ground of the alleged negligence by the latter, to recover compensation for the injuries sustained by him. At the trial he and other witnesses on his behalf testified substantially to the facts stated. There was testimony also on behalf of the defendant that some workmen for the District had repaired one or two holes at the place designated, about three weeks or upwards before the time of the accident to the plaintiff. At the conclusion of the testimony, counsel for the defendant moved the court to direct a verdict in favor of the District, on the ground that the accident was the result of the

plaintiff's own negligence; and the court sustained the motion, instructed the jury to return a verdict for the defendant, and thereupon entered judgment forthwith. From this judgment the plaintiff has appealed.

*Mr. C. H. Merillat* and *Mr. W. E. Ambrose* for the appellant.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

A preliminary question has been raised here by the appellee, on whose behalf it is contended that the record does not purport to contain the whole testimony in the case, or the substance of it; and therefore that nothing remains to this court but to affirm the judgment of the trial court. It does not seem that this criticism upon the contents of the record is wholly unfounded; and we have repeatedly had occasion to animadvert upon the loose and insufficient manner in which bills of exception have been prepared when it is the intention of parties to state in them the substance of the whole testimony, and yet fail in specific terms so to do. It is elementary law that, in order that an appellate tribunal may pass intelligently upon the ruling of a trial court, the record must give, and must purport to give, the substance of all the testimony bearing upon such ruling; and when the ruling is upon the whole testimony,—as, when a verdict is directed either for the plaintiff or for the defendant,— the record must give, and must purport to give, the substance of all the testimony,—although, of course, testimony not bearing upon the ruling—as, for example, medical testimony as to the nature and extent of a plaintiff's injuries—need not be given.

But although the record in the present case is not free from just criticism in this regard, yet we think, in view of its general tenor, that it should be accepted as sufficient. It states, after the detail of the testimony of witnesses on both sides, that

"counsel for both plaintiff and defendant announced that they had no further testimony to offer, and rested their case;" and it is not contended as a matter of fact, on behalf of the appellee, that any substantial testimony needed for the disposition of the case has been omitted.

The motion of the defendant on which the jury was peremptorily requested and instructed to render a verdict in favor of the District of Columbia was expressly based on the fact that the plaintiff was a policeman in the employment of the District of Columbia, and therefore, as we infer, presumably not entitled to recover for any negligence on the part of the municipality. But we do not so understand the law to be; and we think that there was error in the ruling of the trial court in this regard.

The plaintiff was a policeman, it is true, and may perhaps be regarded as having been in the employment of the District of Columbia, and subject to all the rules and regulations which govern the police force of this District, so far as they are applicable to his case. But it is very plain that he was only a special policeman for a special purpose, and not subject to the performance of the general duties of a policeman, in the ordinary sense of that term. And yet it is argued in all seriousness in this case that "it was the duty of the plaintiff to observe the condition of this sidewalk, which was on his beat, and to see that no defects or obstructions were suffered to remain thereon, and to remove such obstruction or defect at once, and, if necessary, display a lantern from such guard as he may provide, and to make an immediate report to the lieutenant of police, to be forwarded to the police headquarters."

It is very clear that there was no such duty imposed upon the plaintiff. He was employed for one sole purpose, that of guarding from depredation the property of those who paid him for his services. For this purpose alone, and to enable him to perform his duty in that regard, he received a commission from the District of Columbia as policeman. To say that he was required to keep in repair the streets within his beat, or, rather, within the district to which his employment was restricted, we would be compelled to regard as an absurdity. Whatever duty

there was upon him in the premises with regard to the condition of the sidewalk, he fully performed it when he reported that condition to the station master at the next police station. Thereafter he was as much entitled to recover for any injuries that might be suffered by him as any other citizen would be. Nor would there seem to be any reason why the law between employer and employee should not be applied here, which requires that the employer should provide a reasonably safe place and reasonably safe appliances for the performance by the employee of the duties of his employment.

There is no place here for the application of the doctrine that an employee must take the risk of his employment and the risk of the negligence of his fellow servants. There is presented simply the case of one injured by the negligence of the municipality after ample notice to the municipality of the existence of the dangerous thing which caused the injury. There is no case of coemployment in the sense of the law, to relieve the employer from liability. *Kimball* v. *Boston,* 1 Allen, 417; *Turner* v. *Indianapolis,* 96 Ind. 52; 20 Am. & Eng. Enc. Law, 2d ed. title *Master and Servant,* p. 91, and notes.

We are clearly of opinion that this case should have been submitted to a jury, and that it was error to withdraw it from them.

The judgment appealed from will, therefore, be reversed, with costs, and the cause will be remanded to the Supreme Court of the District of Columbia, with directions to vacate the verdict and judgment therein entered, and to award a new trial. And it is so ordered.                    *Reversed.*