**UNITED STATES, Appellant,**

v.

**Larry Thomas LEE, Appellee.**

**No. 5246.**

District of Columbia Court of Appeals.

Submitted Sept. 15, 1970.

Decided Dec. 7, 1970.

---

———◆———

Thomas A. Flannery, U. S. Atty., John A. Terry, Charles H. Roistacher and Robert J. Higgins, Asst. U. S. Attys., were on the brief for appellant.

No brief or appearance was filed on behalf of appellee.

Before FICKLING, KERN and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal by the United States [1] from an order granting a defense motion to suppress a pistol. The question is whether the police officer unreasonably intruded upon appellee's constitutionally protected rights by asking him for identification and seizing the weapon as appellee disclosed its presence in the form of a bulge under his waistband while pulling his coat aside in an apparent effort to reach toward his rear pocket. If the Government's contention is correct, then the accused will answer the charge of carrying a pistol without a license.[2] We reverse.

Robbery Section Officer Rohls and partner, both in plainclothes, approached the entrance of a delicatessen to investigate a robbery of an earlier date. The officers passed within five feet of the accused as they entered. When inside they heard the owner and others discussing the accused and someone else who was concealed behind a truck parked nearby. One of the others said they were acting in a suspicious manner. The owner then went outside and told the accused that everyone was watching him and that he had better leave.

With this, Officer Rohls identified himself and his partner and asked for some identification. The accused said, "Why? My name is Lee." With Officer Rohls' second request for some identification, the accused "reached back with his left hand into his left rear pocket to get his wallet, I believe [that] is what he was reaching for, I can't swear to it. * * *" At this point the object or bulge was observed under defendant's shirt "sticking in the waistband of his pants." The immediate seizure revealed a loaded pistol. Officer Rohls said the seizure was made because, "I just wanted to know for my own safety what [the bulge] was."

At the motion proceedings defense counsel questioned the authority of the officer to request the identification. He also asserted that the circumstances were insufficient under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), for the officer reasonably "to believe that he was in the immediate danger of any bodily harm." We consider both contentions.

In granting the motion, the court stated that the facts "as recited" warranted the ruling. Accordingly, we view the record in the context of a finding that the officer's testimony was believed in all material respects. This approach is also justified since Officer Rohls was the only witness at the hearing and no contradictory factual matter was offered.

Revealed here is the kind of momentary contact which is and must be recognized as necessary to a sound police-community relationship and its commensurate effective

---

1. D.C.Code 1967, § 23–105(b) (Supp. III, 1970).

2. D.C.Code 1967, § 22–3204. Appellee was also charged with failure to register the firearm in violation of Article 51, Section 1 of the Police Regulations of the District of Columbia. The District of Columbia did not appeal from the order of suppression.

law enforcement. It cannot be said that the accused was so inconvenienced or restricted that the delicate balance between individual freedom and legitimate police activity has been unduly weighted against him. *Cf.* James v. United States, 135 U.S.App.D.C. 314, 316, 418 F.2d 1150, 1152 (1969); United States v. Williams, 416 F.2d 4, 6 (5th Cir. 1969); Allen v. United States, 129 U.S. App.D.C. 61, 64, 390 F.2d 476, 479 (1968). *See also* Trilling v. United States, 104 U.S. App.D.C. 159, 183, 260 F.2d 677, 701 (1958) (Prettyman, J., concurring in part and dissenting in part), where, in a related context, he wrote:

> \* \* \* I think the rule of the cases is that the police can question a person not a suspect or one who is a mere suspect, so long as the period of detention and the mode of the questioning are reasonable under the circumstances for the purpose of obtaining information.
>
> I think the rule of reasonable-for-the-purposes-of-information must necessarily be the rule. The police must investigate crime. That much is clear; it is one of the fundamentals of organized society as contrasted with anarchy; it is part of the rule of law. Inquiry reasonable for information purposes is no part of intensive interrogation for the purpose, or with the effect, of extracting confessions.
>
> Whether the questioning is reasonable and proper, or whether it is so illegal as to nullify use of its fruits, is dependent upon the facts. It takes no astute student of police procedure to recognize whether the police are trying to extract a reluctant confession or whether they are reasonably seeking the solution to a crime.

In this case, as in Terry v. Ohio, *supra,* "[w]e cannot tell with any certainty upon this record whether any such 'seizure' took place here prior to Officer [Rohls'] initiation of physical contact for purposes of searching [Lee] for weapons, and we thus may assume that up to that point no intrusion upon constitutionally protected rights had occurred." *Id.* at 20 n. 16, 88 S.Ct. at 1879. With that assumption the remaining inquiry is whether, having seen the object bulging beneath the shirt, it was reasonable for Officer Rohls to reach for and seize it. The answer is obvious. *Cf.* Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 2d 917 (1968). Officer Rohls had no other choice. He was justifiably concerned for his own safety when the accused revealed that he had something concealed under his waistband. Moreover, the knowledge the officer had obtained by use of his sense of sight [3] has, under similar circumstances, been held to amount to probable cause for a formal arrest. Perry v. United States, D.C.App., 230 A.2d 721 (1967); Dickerson v. United States, D.C.Mun.App., 120 A.2d 588 (1956). Surely then, under the considerations discussed in Terry v. Ohio, *supra,* the in-depth search for and seizure of the gun was reasonable—clearly as reasonable as the in-depth search for and seizure of Terry's gun when its presence was discovered by Officer McFadden's sense of touch during the so-called "frisk". We so hold, and the order granting defendant's motion to suppress is

Reversed.

3. People v. Rivera, 14 N.Y.2d 441, 447, 201 N.E.2d 32, 35, 252 N.Y.S.2d 458, 463 (1964), cert. denied, 379 U.S. 978, 85 S.Ct. 679, 13 L.Ed.2d 568 (1965).