**James Edward FRANKLIN, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 5384.**

District of Columbia Court of Appeals.

Argued Nov. 24, 1970.

Decided Dec. 31, 1970.

Robert S. Hall, Jr., Washington, D. C., appointed by this court, for appellant.

C. Madison Brewer, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Ruth R. Banks, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and YEAGLEY, Associate Judges.

3. Scott v. United States, D.C.App., 243 A.2d 54, 56 (1968).

YEAGLEY, Associate Judge:

Following an arrest for speeding, appellant, a special police officer, was charged on April 28, 1970, under D.C.Code 1967, § 22–3204 with carrying a concealed weapon. The court below held a hearing on a motion to suppress evidence which was denied. The case was tried before a jury on June 10, 1970, and appellant was found guilty of the crime as charged. He was sentenced to ninety (90) days imprisonment, the imposition of which was suspended; appellant was placed on one year probation. This appeal followed.

At the trial the evidence revealed that the appellant was stopped by the arresting officer for travelling 40 miles per hour in a 25 mile-per-hour zone. The officer asked the appellant for his driver's permit and car registration and when the appellant opened the glove compartment of the automobile the officer observed a holstered pistol in the compartment. He asked appellant to allow him to see the gun. The appellant advised the officer that he was a special police officer and displayed to him his commission. Although he was in uniform, the appellant admittedly was not on duty at the time and in fact was not due to report to work that day for another five or six hours.

D.C.Code 1967, § 22–3204 under which appellant was charged provides that: "No person shall within the District of Columbia carry either openly or concealed * * * except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license * * *."[1]

Appellant contends that he comes within one of the exceptions to the foregoing proscription as set forth in D.C.Code 1967, § 22–3205 which states: "The provisions of section 22–3204 shall not apply to marshals, sheriffs, prison or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers * * *." Although the Code is quite specific as to the classes of persons to be exempt from the provisions of Section 3204, it is silent regarding special policemen.

■ Appellant was appointed under the terms of D.C.Code 1967, § 4–115, which provides: "The Commissioners of the District of Columbia on application of any corporation or individual, or in their own discretion, may appoint special policemen for duty in connection with the property of, or under the charge of, such corporation or individual * * *." It seems clear that special policemen are commissioned for the special purpose of protecting property on the premises of the employer and that they do not have the general duties and broad authority of a policeman or law enforcement officer in the ordinary sense of those terms. Klopfer v. District of Columbia, 25 App.D.C. 41, 44 (1905).

■ This court recognized in Singleton v. United States, D.C.App., 225 A.2d 315 (1967), that a special policeman, while on duty and in his prescribed area of authority, must of necessity possess certain powers that are accorded to policemen. However, the appellant here was not on duty in his prescribed area of authority, nor was he travelling without deviation, immediately before or immediately after the period of actual duty, between such area and his residence. At the time of his arrest, appellant was, in our view, neither a policeman nor a law enforcement officer within the ambit of D.C.Code 1967, § 22–3205.

The contention of appellant to the contrary flies directly in the face of McKenzie v. United States, D.C.Mun.App., 158 A.2d 912, 914 (1960). The facts in the McKenzie case are for all practical purposes on all fours with the facts here. We perceive no reason for that decision to be overruled or modified and, accordingly, it is hereby reaffirmed.

1. There is no contention that appellant had been issued a license to carry a pistol under D.C. Code 1967, § 22–3206.

The following police regulation appeared on the back of appellant's commission which he displayed to the arresting officer:

Firearms or other dangerous weapons carried by a special policeman on the premises for which he holds a commission must be left on said premises when such special policeman is not actually on duty. Firearms or other dangerous weapons carried by special policemen whose commissions extend to more than one person's or corporation's property, may be carried only when such special policeman is on actual duty in the area thereof or while traveling, without deviation, immediately before and immediately after the period of actual duty, between such area and the residence of such special policeman.[2]

Viewing *McKenzie* as being controlling, the judgment is

Affirmed.

2. Section 8 of Chapter XXXII of the Manual of the Metropolitan Police Department, promulgated in accordance with D.C.Code 1967, § 4–115.