Ernest Ollie **ROBINSON**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 5595.

District of Columbia Court of Appeals.

Argued May 5, 1971.

Decided June 22, 1971.

Sol Rosen, Washington, D. C., appointed by this court, for appellant.

James A. Adams, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Ann S. Du Ross, Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, KERN and PAIR, Associate Judges.

KERN, Associate Judge:

Appellant was convicted by the trial court sitting without a jury of possession of heroin in violation of D.C.Code 1967, § 33–402, and sentenced to ninety days imprisonment.[1] He contends on appeal that a search by police of his person was unlawful and that the narcotics recovered thereby should not have been received in evidence. We agree.

The police officer who made the seizure and was the Government's sole witness observed appellant and another man about two o'clock in the morning walking down the street. He had never seen appellant before and had no report of any crime having been committed at that time in that area. The officer, heading in the opposite direction from the two men he passed, proceeded on his motor scooter to the next block, made a U-turn and returned to see where they were going.

---

1. The execution of the sentence was suspended and appellant placed on probation for one year, subject to periodic narcotics testing.

When the officer did not see them on the street he turned into an alley which ran along side an apartment building to look around. Appellant and his companion were standing in the apartment's garage and they walked out past the testifying officer and his partner. He asked them to wait but they did not. Thereupon, he directed his partner to pursue and stop appellant and the other man for a "check-out", that is, an inquiry of their names and what they were doing. While his partner set out after appellant the officer made inquiry of the desk clerk in the apartment building. The testifying officer then joined his partner who was detaining appellant and his companion a half block up the street from the apartment building.

The officer asked appellant what he was doing in the basement and appellant said that he had come to meet a certain person who lived there. The officer, without stating appellant was under arrest or advising him that he need not obey, asked appellant to go back to the apartment's front desk. Appellant agreed. While they were engaged in talking, the officer patted appellant down for weapons and found none. As they walked back appellant put his hand into a leather pouch, approximately three by four inches with a flap top, which was attached to the right side of his belt and to which the officer "didn't pay any mind" before. The officer seized appellant's hand and pulled it out of the pouch because he believed appellant was reaching for a weapon; appellant's hand was empty. The police officer immediately reached into the pouch to see what was in there and found three cellophane packages of heroin.

The trial court concluded that "[t]he officer could stop and question them [appellant and his companion] on the suspicion of an unlawful entry, when they go in a semi-public place at that hour," and denied appellant's motion to suppress the heroin.

The Government concedes on this appeal that the officer had no probable cause to arrest appellant at the time he was stopped on the street. It argues that such stopping was a permissible detention for brief questioning rather than an arrest and that, thereafter, the officer for his own protection had the right under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to satisfy himself that there was no weapon in the pouch on appellant's person.

We are not persuaded that appellant's detention on the street by the officers was "the kind of momentary contact" which we have heretofore approved, even though probable cause to arrest was lacking. *See* United States v. Lee, D.C.App., 271 A.2d 566 (1970). In this case, appellant was detained for a period of time and then asked by the officers to accompany them to the apartment building one-half block away. Yet the officers had no complaint or report of a crime, had never seen appellant before and did not observe him engage in unlawful conduct. *Compare* United States v. Lee, *supra*; Young v. United States, 140 U.S.App.D.C. 333, 435 F.2d 405 (1970); Coleman v. United States, 137 U.S.App.D.C. 48, 420 F.2d 616 (1969); United States v. Frye, D.C.App., 271 A.2d 788, 789 (1970).

█ It may be that presence on the streets of this city at an early hour in the morning is suspicious conduct, given present crime statistics, but something more than that is required to justify police detention and interrogation.

█ The Government suggests that appellant was acting voluntarily when he went with them, but they did not tell him he was free to ignore them and go on his way. Given the circumstances of the officer's request of appellant we cannot say that his agreement to return was voluntary. Under the particular facts of this case we must hold that the search and seizure were invalid and the narcotics recovered should have been suppressed.

Reversed.