James Edward **FRANKLIN**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 71–1050.

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 25, 1972.

Decided March 1, 1972.

Mr. Robert S. Hall, Jr., Washington, D. C. (appointed by this court) for appellant.

Mr. C. Madison Brewer, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, John A. Terry and Miss Ruth R. Banks, Asst. U. S. Attys., were on the brief, for appellee.

Before MacKINNON and WILKEY, Circuit Judges, and MATTHEWS,[*] U. S. Senior District Judge for the District of Columbia.

PER CURIAM:

Appellant was convicted of carrying a pistol contrary to D.C.Code § 22–3204.[1] He was a special policeman at the time of his arrest. He now contends that in such capacity he was within the "policemen or other law enforcement officers" exception to said statute.[2] We hold to the contrary.

---

[*] Sitting by designation pursuant to 28 U. S.C. § 294(c) (1970).

1. D.C.Code § 22–3204 provides:

§ 22–3204. Carrying concealed weapons.

No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed. Whoever violates this section shall be punished as provided in section 22–3215, unless the violation occurs after he has been convicted in the District of Columbia of a violation of this section or of a felony, either in the District of Columbia or in another jurisdiction, in which case he shall be sentenced to imprisonment for not more than ten years.

2. D.C.Code § 22–3205 provides:

§ 22–3205. Exceptions to section 22–3204.

The provisions of section 22–3204 shall not apply to marshals, sheriffs, prison

His appointment as a special policeman is made under D.C.Code § 4-115 [3] which restricts his authority and makes his activities subject to such general regulations as the Commissioners may prescribe. One of these regulations restricts his right to carry firearms as follows:

Sec. 8. Firearms or other dangerous weapons carried by a special policeman on the premises for which he holds a commission must be left on said premises when such special policeman is not actually on duty. Firearms or other dangerous weapons carried by special policemen whose commissions extend to more than one person's or corporation's property, may be carried only when such special policeman is on actual duty in the area thereof or while traveling, without deviation, immediately before and immediately after the period of actual duty, between such area and the residence of such special policeman.

Manual containing Rules and Regulations of the Metropolitan Police Department of the District of Columbia, approved by the Commissioners August 19, 1948, effective November 19, 1948, ch. XXXII § 8.

The next regulation also is pertinent to our inquiry:

Sec. 9. Nothing in this chapter contained shall prevent a special policeman appointed under the provisions of Section 4-115, D.C.Code of 1940, from exercising his authority as a special policeman outside of the property or area he is appointed to protect when in fresh pursuit of a felon or misdemeanant from or immediately adjacent to the property or area to protect which he is commissioned. Except as herein provided, the exercise of authority as a special policeman, or the carrying or use of firearms, other dangerous weapons, or emblems of authority, shall be cause for immediate revocation of the commission of such special policeman, in addition to the penalties of such laws of the United States or the District of Columbia as may be violated by his actions.

Metropolitan Police Rules and Regulations, *supra*, § 9. The provisions of these regulations clearly recognize that a special policeman is not empowered to exercise his authority outside the property or area he is appointed to protect, or to carry weapons away from such area with certain exceptions. The factual

or jail wardens, or their deputies, policemen or other duly appointed law-enforcement officers, or to members of the Army, Navy, or Marine Corps of the United States or of the National Guard or Organized Reserves when on duty, or to the regularly enrolled members of any organization duly authorized to purchase or receive such weapons from the United States, provided such members are at or are going to or from their places of assembly or target practice, or to officers or employees of the United States duly authorized to carry a concealed pistol, or to any person engaged in the business of manufacturing, repairing, or dealing in firearms, or the agent or representative of any such person having in his possession, using, or carrying a pistol in the usual or ordinary course of such business or to any person while carrying a pistol unloaded and in a secure wrapper from the place of purchase to his home or place of business or to a place of repair or back to his home or place of business or in moving goods from one place of abode or business to another.

3. D.C.Code § 4-115 provides:
   § 4-115. Special policemen—Appointment and compensation.
   The Commissioners of the District of Columbia, on application of any corporation or individual, or in their own discretion, may appoint special policemen for duty in connection with the property of, or under the charge of, such corporation or individual; said special policemen to be paid wholly by the corporation or person on whose account their appointments are made, and to be subject to such general regulations as the said commissioners may prescribe.

circumstances here are not even close to being within those limited exceptions. While appellant was in uniform, he was miles away from the area designated for his work, he was hours away from the time he was scheduled to report, and the place where he was arrested was miles away from a direct route between his home and his place of work. Hence we conclude that at the time and place he was arrested he was not considered as a policeman or other law enforcement officer.[4]

If wider authority for special policemen to carry guns is desired, it will have to be obtained by amendment to the police regulations or by congressional enactment.

Affirmed.

---

4. McKenzie v. United States, 158 A.2d 912 (D.C.Mun.Ct.App.1960). *See* United States v. Dorsey, 146 U.S.App.D.C. 28, 30–31, 449 F.2d 1104, 1106–1107 (1971); Singleton v. United States, 225 A.2d 315 (D.C.C.A.1966); Klopfer v. District of Columbia, 25 App.D.C. 41 (1905).