Martha COBB, Appellant,

v.

STANDARD DRUG COMPANY, INC.,
et al., Appellees.

No. 82–33.

District of Columbia Court of Appeals.

Argued Sept. 14, 1982.
Decided Nov. 10, 1982.

Harvey L. Taylor, Washington, D.C., for appellant.

Susan E. Greenlief, with whom Robert L. Ellis, Arlington, Va., was on brief, for appellee Standard Drug Co., Inc.

David Florin, with whom Walter J. Smith, Jr. and Wilson, Elser, Edelman & Dicker, Washington, D.C., was on brief, for appellee Armstrong Professional Sec. Service, Inc.

Before KELLY, BELSON and TERRY, Associate Judges.

TERRY, Associate Judge:

This is an appeal from a judgment for the defendants in an action for battery, false imprisonment, and defamation. Appellant alleged in her amended complaint that she purchased two items of merchandise in a drug store and was about to leave the store when she was accosted by a security guard, who asked her if the goods she was carrying had been paid for; she said that they had been and showed him the sales slip, then continued out the door. She further asserted that after she was outside on the public sidewalk, the security guard came up from behind and tapped her on the shoulder, then moved around in front of her and ordered her to return to the store. There the mana-

ger, in the presence of other customers, allegedly announced that the cashier had told him that appellant had not paid for the merchandise. Appellant sued the corporation that owned the drug store and the corporate employer of the security guard, seeking compensatory and punitive damages. The jury returned a verdict for both defendants, and on that verdict the trial court entered a judgment, which we affirm.

Appellant makes two arguments here. First, she contends that the trial court erred in failing to strike a juror whom she allegedly challenged for cause. Second, she contends that the trial court committed error in responding to a note from the jury, and that the error was magnified by the "inadequate, unfair and confusing" verdict form by which the court submitted the case to the jury. The first claim of error fails for lack of an adequate record; the second we reject for other reasons.

I

A judgment of any trial court is presumed to be valid. *Harvey v. United States,* 385 A.2d 36, 37 (D.C.App.1978); *see United States v. Alston,* 412 A.2d 351, 359 (D.C.App.1980) (en banc). A losing party who notes an appeal from such a judgment bears the burden of "convincing the appellate court that the trial court erred." *Harvey v. United States, supra,* 385 A.2d at 37; *accord, Higgins v. Carr Bros. Co.,* 317 U.S. 572, 574, 63 S.Ct. 337, 338, 87 L.Ed. 468 (1943). In meeting that burden, it is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred. *T.V.T. Corp. v. Basiliko,* 103 U.S.App.D.C. 181, 183, 257 F.2d 185, 187 (1958); *see Palmer v. Hoffman,* 318 U.S. 109, 116, 63 S.Ct. 477, 481, 87 L.Ed. 645 (1943); *Murchison v. Peoples Contractors, Ltd.,* 250 A.2d 920, 922 n. 7 (D.C.App.1969); *D.C. Transit System, Inc. v. Milton,* 250 A.2d 549 (D.C.App.1969); *Walker-Thomas*

*Furniture Co. v. Jackson,* 189 A.2d 123 (D.C. App.1963). The responsibility of perfecting the record remains with appellant and "cannot be shifted to either the trial court or this court." *Brown v. Plant,* 157 A.2d 289, 291 (D.C.Mun.App.1960).

Our rules provide two methods by which an appellant may discharge this responsibility. The normal practice is to obtain a verbatim transcript of the pertinent trial proceedings from the court reporter. *See* D.C.App.R. 10(c)–(g). In certain cases a statement of proceedings and evidence may be filed in lieu of a transcript. Such a statement may be prepared either by the appellant or by the parties acting in concert; in either instance, however, it must be approved by the trial court. *See* D.C. App.R. 10(j)–(k). A statement of proceedings and evidence, based as it usually is on fallible human recollection or on sketchy notes, hastily taken—or, in this electronic age, on a sometimes unintelligible tape recording—has obvious shortcomings which the court recognized in *Lee v. Habib,* 137 U.S.App.D.C. 403, 409–410, 424 F.2d 891, 897–898 (1970). Recalling that transcripts are required in "many" criminal cases,[1] the court in *Lee* extended this requirement to "some" civil cases and held that in such cases "there simply can be no effective substitute for the transcript of all or part of the actual proceedings in the trial court." *Id.* at 410, 424 F.2d at 898. Whether this case falls in that category we need not decide, however, because appellant has provided us with neither a transcript nor a statement of proceedings to support her claim of error in the court's refusal to strike a juror for cause.

From the record before us[2] we have no way of knowing the basis of appellant's challenge to the juror or the reasons for the court's rejection of it. Counsel for both sides have made certain representations to

---

1. *See generally Hardy v. United States,* 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964); *Gaskins v. United States,* 265 A.2d 589 (D.C. App.1970); *Tate v. United States,* 123 U.S.App. D.C. 261, 359 F.2d 245 (1966).

2. There are only two short transcripts in the record. One contains the arguments of counsel and the court's ruling on the two defendants' motions for directed verdict; the other relates to the note from the jury, which we shall discuss in part II of this opinion.

us, in their briefs and at oral argument, regarding the controversy over the juror. But these representations, made many months after the trial and based solely on counsel's recollection, are understandably skimpy; more to the point, they are not in full agreement as to the pertinent details. "Appellate review is limited to matters appearing in the record before us, and we cannot base our review of errors upon statements of counsel which are unsupported by that record." *D.C. Transit System, Inc. v. Milton, supra,* 250 A.2d at 550 (citations omitted); *see Higgins v. Carr Bros. Co., supra.* We therefore conclude, in the absence of anything in the record to suggest otherwise, that the trial court did not err in rejecting appellant's challenge to the juror.

## II

■ Some time after it began its deliberations, the jury sent the following note to the court:

> Question: Was the guard within his legal rights to question anyone outside the store?

After an extended discussion with all counsel, the court sent a written response back to the jury, saying, "The answer to the question asked is yes." Appellant now contends that the court erred in failing to amplify its answer by instructing the jury on the limited law enforcement powers of security guards.[3] Because none of the testimony has been transcribed, we do not know the facts surrounding the guard's questioning of appellant outside the store; consequently, we can only determine whether the court's answer to the jury note was correct in the abstract as a matter of law. We conclude that it was.

■ In *United States v. Burrell,* 286 A.2d 845, *rehearing en banc denied,* 288 A.2d 248 (D.C.App.1972), a police officer noticed the defendant acting suspiciously on a downtown street. After watching him for a few moments, the officer walked up to him, placed his hand on the defendant's arm, and said, "Hold it, sir, could I speak with you a second?" An incriminating answer led to a search and the discovery of a concealed pistol. We held that the officer's question, accompanied by the touch on the arm, did not amount to an intrusion on the defendant's constitutionally protected rights. *Burrell* simply illustrates a basic proposition which the courts have long recognized: that "[t]here is nothing in the Constitution which prevents a policeman from addressing questions to anyone on the streets." *Terry v. Ohio,* 392 U.S. 1, 34, 88 S.Ct. 1868, 1886, 20 L.Ed.2d 889 (1968) (White, J., concurring); *see United States v. Wylie,* 186 U.S.App.D.C. 231, 569 F.2d 62 (1977), *cert. denied,* 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978) (distinguishing between mere police-citizen "contacts" and investigative stops). The right of a police officer to ask anyone on the street a question does not depend on his status as an officer; on the contrary, "every citizen" has the right "to address questions to other persons, for ordinarily the person addressed has an equal right to ignore his interrogator and walk away . . . ." *Terry v. Ohio, supra,* 392 U.S. at 32–33, 88 S.Ct. at 1885–1886 (Harlan, J., concurring). In other words, a police officer—or the security guard in this case—has the same right that "every citizen" has to question another person in a public place because the other person has an "equal right" to pay no attention to the question. Since the jury's note dealt only with the guard's right to ask a question, we cannot say that the trial court erred in answering the note as it did.

■ Appellant's corollary argument regarding the verdict form appears to be based on the misconception that the form was a set of written interrogatories submitted to the jury under Super.Ct.Civ.R.

---

**3.** Although the record does not disclose whether the guard in this case was commissioned as a special police officer under D.C.Code § 4–114 (1981), our disposition of this case does not depend on whether he was or was not. Appellant's reliance on such cases as *Klopfer v. District of Columbia,* 25 App.D.C. 41 (1905), and *Franklin v. United States,* 271 A.2d 784 (D.C. App.1970), *aff'd,* 148 U.S.App.D.C. 39, 458 F.2d 861 (1972), is therefore misplaced.

49(b)[4] and requiring some sort of special explanation or additional instruction. This is simply not the case. The form, which we reproduce in the margin,[5] did not ask the jury to return anything other than a general verdict. We do not see how the jury could have been confused by the form; on the contrary, it was probably very helpful in clarifying the issues which the jury had to resolve.

There being no discernible error on the record, the judgment of the Superior Court is

*Affirmed.*

4. The Superior Court rule is identical to Fed.R. Civ.P. 49(b).

5. The verdict form was as follows:

*Count One—Battery*

We find for the Defendant
Standard Drug Co.          Yes ____ No ____
We find for the Defendant
Armstrong Professional Security
Service, Inc.          Yes ____ No ____

If your answer as to both Defendants is YES, move on to the next count; if your answer as to a Defendant or both is NO, answer the following as to that Defendant

We find for the Plaintiff
in the amount of          $_____

*Count Two—False Imprisonment*

We find for the Defendant
Standard Drug Co.          Yes ____ No ____

We find for the Defendant
Armstrong Professional Security
Service, Inc.          Yes ____ No ____

If your answer as to both Defendants is YES, move on to the next count; if your answer as to a Defendant or both is NO, answer the following as to that Defendant

We find for the Plaintiff
in the amount of          $_____

*Count Three—Defamation*

We find for the Defendant
Standard Drug Co.          Yes ____ No ____

If your answer as to the Defendant is YES, stop; if your answer as to the Defendant is NO, answer the following.

We find for the Plaintiff
in the amount of          $_____