**Barbara E. NORRIED, Appellant,**

v.

**CARIBBEAN CONTRACTORS, INC., Appellee.**

**No. 05–CV–453.**

District of Columbia Court of Appeals.

Argued April 7, 2006.

Decided May 25, 2006.

John R. Garza, Rockville, MD, for appellant.

Michael E. Veve, Washington, DC, for appellee.

Before WASHINGTON, Chief Judge, and SCHWELB and KRAMER, Associate Judges.

SCHWELB, Associate Judge:

This case involves a dispute between Barbara E. Norried, a homeowner, and Caribbean Contractors, Inc. (Caribbean), a home improvement contractor which is not

licensed in the District of Columbia, over renovation work performed by Caribbean on Ms. Norried's home. Following a lengthy bench trial, the trial judge ruled substantially in favor of Caribbean on the merits of Ms. Norried's suit, and she entered judgment in favor of Caribbean in the amount of $172.10, plus interest, on Caribbean's counterclaim. The judge rejected Ms. Norried's claim that Caribbean's unlicensed status undermined the contractor's defense and barred Caribbean from filing a counterclaim. The judge ruled that Ms. Norried had failed to adequately identify the licensing regulation that Caribbean allegedly violated, and that she presented insufficient evidence on the point. Concluding that the judge misapprehended what she perceived to be a dispositive precedent, we reverse the judgment and remand for further proceedings.

## I.

## BACKGROUND

### A. Pretrial proceedings.

On January 26, 2001, Ms. Norried entered into a contract with Caribbean for the renovation of her home at 116 S Street, N.W., in Washington, D.C. The total cost of the contract was to be $22,025.00. Ms. Norried made three installment payments to Caribbean, totaling $16,668.40, in advance of the work being done. Prior to the completion of the renovation, Ms. Norried complained that it was not being satisfactorily performed. On May 23, 2001, she filed a *pro se* complaint for breach of contract in which she asked, somewhat inconsistently, that Caribbean be required to

1. complete all terms and conditions under contract to satisfaction of customer; and

2. refund monies paid plus interest to allow incomplete and remaining work to

be completed by another qualified and honest contractor.

There was no allegation in the *pro se* complaint that Caribbean was not licensed.

Caribbean responded to the complaint by filing an answer and counterclaim. Caribbean asserted, *inter alia,* that it had performed all of its obligations in conformity with the contract and that Ms. Norried had terminated the contract on May 19, 2001. In its counterclaim, Caribbean requested damages in the amount of $6,676.00 "for services rendered pursuant to the contract."

On March 8, 2004, the parties filed a Joint Pretrial Statement which began as follows:

1. Sole Issue for Trial: Whether or not defendant breached the contract dated January 26, 2001 between the parties for specified home improvement services?

2. There is no necessity or desirability of amendments to the pleadings.

The Joint Pretrial Statement made no direct reference to Caribbean's unlicensed status, but it included the names of seven witnesses for the plaintiff and three witnesses for the defendant. "Plaintiff's List of Exhibits" and "Defendant's List of Exhibits" were also included in the Pretrial Statement.

Plaintiff's Exhibit 3C to the Pretrial Statement was an affidavit dated September 10, 2001, by Meredith R. Scott, Acting Program Manager of the Business Service Division of the District of Columbia Department of Consumer and Regulatory Affairs (DCRA). Ms. Scott's affidavit concluded as follows:

No Home Improvement Contractor Business License have [sic] been issued to Caribbean Contractors Inc., for the period February 1, 2000 to present.

Plaintiff's Exhibit 3D was a letter to Ms. Norried dated May 5, 2003, from Vacylla

Williams, a DCRA investigator, stating that Alvaro Tovar, t/a Caribbean Contractor[s], Inc., "was conducting business as an unlicensed home improvement contractor in the District of Columbia, and performing electrical work without a permit." Ms. Williams further stated in her letter that "[t]his violation was referred to the Office of the General Counsel for further review," and that "[t]he notice of infraction was forwarded to the Office of Adjudications."

Ms. Scott and Ms. Williams were included on Ms. Norried's list of witnesses, as were two other DCRA employees: Ronald White, identified as Plumbing Inspector; and Colonias Anderson, identified as Electrical Inspector.[1] Thus, although Ms. Norried, acting *pro se*, agreed to a Joint Pretrial Statement which identified the only issue for trial as Caribbean's compliance or noncompliance with the contract, Caribbean and its attorney were on notice of Ms. Norried's claim that Caribbean was not licensed.

On October 20, 2004, the judge entered a Pretrial Order which provided, in pertinent part, as follows:

2. Except as specified below, the parties' Joint Pretrial Statement is incorporated in this Pretrial Order.

3. The nature of the action and the claims and defenses of the parties are set forth in the Joint Pretrial Statement. No other claims or defenses will be entertained at trial absent exceptionally good cause.

B. *The trial and the judge's decision.*

The trial in this case began on December 27, 2004, resumed on February 7, 2005, and ended on February 14, 2005. Ms. Norried has not provided us with a transcript, and the details of what occurred at trial are not before us. On April 1, 2005, however, the judge issued a written "Bench Order and Opinion," and her order provides a sufficient description of the proceedings to enable us to address the principal issue on appeal.

At the beginning of her opinion, the judge stated that the case came on for non-jury trial "on Plaintiff's complaint for breach of contract, housing code violations, *allegations of unlicensed contractors* and substandard workmanship." (Emphasis added.) On the merits of the parties' dispute over Caribbean's performance, the judge found that the contractor had substantially performed the terms of the agreement. She ruled that the amount to which each party was .entitled would be determined by the contract price, which was to be adjusted by the amount of her own money that Ms. Norried had to expend on the project, and also by the work that Caribbean had performed. The judge found that Ms. Norried had spent $6,503.90 of her own funds to complete the part of the agreed-upon renovation that Caribbean had failed to perform. The judge subtracted Ms. Norried's expenditures from the unpaid portion of the contract price, *i.e.*, $6,676.00, and she awarded Caribbean the difference—$172.10—on Caribbean's counterclaim.

The judge then addressed as follows Ms. Norried's claim that Caribbean was an unlicensed contractor:

Next, the [c]ourt considers Plaintiff's testimony that the Defendant and his

---

1. On December 21, 2004, Ms. Scott, Ms. Williams, Mr. White and Mr. Anderson received subpoenas from Ms. Norried requiring them to appear and testify at the trial which was to begin on December 27, 2004, *i.e.*, on very short notice. On December 27, 2004, on motion of an Assistant Attorney General, the trial judge ordered that the subpoenas be quashed. The judge's order reveals, however, that Mr. White, Mr. Anderson and Ms. Williams testified when the trial resumed in February 2005.

subcontractors were not licensed to perform home improvement renovations in the District of Columbia. The general rule is that a contract made in violation of regulations relating to licensing of home improvement contractors is void. *Truitt v. Miller*, 407 A.2d 1073 (D.C. 1979). However, where a homeowner fails to provide sufficient notice to an unlicensed contractor of her claim under a specific statute, District of Columbia [c]ourts have denied the homeowner's demand for damages. *Adams v. A.B. & A., Inc.*, 613 A.2d 858 (D.C.App.1992). More specifically, the [c]ourt maintained that specific reference to the statute must be made in the pleadings, joint pretrial statement or pretrial order. *Id.* at 860.

The [c]ourt diligently reviewed Plaintiff's pleadings, joint pretrial statement and pretrial order for references to a specific statutory provision. However, Plaintiff failed to identify in her pleadings, joint pretrial statement and pretrial order a statute in support of her claim that the Defendant and his subcontractors were unlicensed. Moreover, the testimony of Vacylla Williams, Colonias Anderson and Ronald White of the Office of Consumer Regulatory Affairs was insufficient to establish liability of the Defendant under a particular statute. Thus, considering all of the facts and construing the inferences in the light most favorable to the Plaintiff, her assertions must fail for lack of sufficient notice to Defendant under a specific statutory provision. Therefore, Plaintiff's request for damages related to unlicensed contractors is denied.

Ms. Norried, now represented by counsel, appeals from the judge's ruling denying Ms. Norried recovery on her complaint and granting Caribbean judgment on its counterclaim. She summarizes her position before this court as follows:

An unlicensed home improvement contractor can not enforce a contract when it receives payment prior to the completion of the entire project. Because Caribbean was an unlicensed contractor who received payment before completing the project, it cannot enforce its contract with Norried to renovate her home. The resulting contract between the unlicensed contractor and consumer is void and unenforceable by the contractor. Furthermore, the contractor is required to refund all advances if it does not complete the project satisfactorily and to the consumer's specifications.

Ms. Norried further argues that, as an unlicensed contractor, Caribbean lacked standing to enforce its counterclaim. Caribbean responds that Ms. Norried's failure to assert in her pleadings that Caribbean was unlicensed bars her claim; that Caribbean "never consented to try [Ms.] Norried's unpleaded issues," and that "Caribbean's counterclaim was enforceable and not void."

## II.

## ANALYSIS

Carribean Contractors, Inc., has its headquarters in Bethesda, Maryland, and the business card of its President, Al Tovar, which is an exhibit to the Joint Pretrial Statement, reflects that Caribbean is "licensed and insured." If the company is indeed licensed, however, that license must have been issued by authorities in Maryland, for it is undisputed that Caribbean is not licensed in the District of Columbia. Indeed, throughout this litigation, up to and including oral argument before this court, Caribbean has never represented that it is licensed as a home improvement contractor in this jurisdiction.

Caribbean's unlicensed status precluded the company from accepting advance payments from Ms. Norried prior to the completion of work on the contract. The applicable regulation provides:

> No person shall require or accept any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor or as a licensed salesperson employed by a licensed contractor in accordance with the provisions of this chapter.

16 DCMR § 800.1 (2006). The courts of the District of Columbia have diligently enforced the regulation, and have held that the unlicensed contractor is precluded not only from recovery under the terms of the contract, but also from obtaining payment on an "equitable" quasi-contractual basis:

> The rule simply stated is that a contract made in violation of a licensing statute that is designed to protect the public will usually be considered void and unenforceable, and the party violating the statute cannot collect monies due on a quasi-contractual basis.... The case law is clear that the effect of a violation of the regulation here in question is avoidance of the contract.

*Truitt v. Miller*, 407 A.2d 1073, 1079 (D.C. 1979) (citations omitted).

■ Caribbean contends that Ms. Norried waived her rights under this regulation by not raising the issue in her complaint, in the Joint Pretrial Statement, or before the judge when the Pretrial Order was issued. We agree that, given the restricted definition in the pretrial documents of the issue to be tried, the trial judge might well have acted within her discretion in declining to entertain an issue which had not previously been explicitly raised. In general, at least in the absence of exceptional circumstances, the pretrial order defines the bounds of evidence to be permitted at trial. *Taylor v. Washington Hosp. Ctr.*, 407 A.2d 585, 592 (D.C.1979), *cert. denied*, 446 U.S. 921, 100 S.Ct. 1857, 64 L.Ed.2d 275 (1980). Rigid adherence to the pretrial order need not always be exacted, however, *Clarke v. District of Columbia*, 311 A.2d 508, 511 (D.C.1973); *Taylor*, 407 A.2d at 592, and whether to allow a party to go beyond the bounds of the pretrial order is a matter confided to the trial court's sound discretion. *Taylor*, 407 A.2d at 592.

■ In this case, the judge's written order discloses that the judge tried and decided, on the merits, Ms. Norried's claim that Caribbean was an unlicensed contractor. In her opinion, the judge stated that one of the issues that came on for trial was Ms. Norried's "allegations of unlicensed contractors." The judge also revealed that Ms. Norried testified regarding Caribbean's unlicensed status, and that three DCRA employees (Ms. Williams, Mr. Anderson and Mr. White), also provided testimony regarding this issue. The limited record provided to us by Ms. Norried does not disclose whether the "unlicensed contractor" claim was tried with Caribbean's consent or over its objection; Ms. Norried asserts that Caribbean failed to object, while Caribbean represents the contrary.[2] If it were necessary to decide

---

2. Ms. Norried's attorney states, at page 7 of his brief: "In this case, the "Unlicensed Status Protection" was actually tried in court and Caribbean consented by failing to object to the evidence of the Unlicensed Status Protection." Counsel for Caribbean states, at page 6 of his brief: "In fact, such objections were raised by Caribbean, as the trial transcript would show, but Appellant has opted not to introduce the trial transcript in this appeal." Both of these statements cannot be correct.

the issue, we would be required to accept Caribbean's version, for it is incumbent upon Ms. Norried, as the appellant, to present us with a record sufficient to show that error occurred. *Cobb v. Standard Drug Co.*, 453 A.2d 110, 111 (D.C.1982).

In this case, however, it is evident from the trial court's opinion that the question whether Caribbean's lack of a license undermined Caribbean's position *was* tried on the merits. If Caribbean consented at trial to the court's consideration of this claim, it cannot now complain of the expansion of the case beyond the scope of the pretrial order. If Caribbean objected at trial, it has not claimed on appeal that the trial judge abused her discretion by reaching the merits rather than barring the claim on procedural grounds. Moreover, counsel for Caribbean was given several opportunities, at oral argument, to explain how, if at all, his client was prejudiced by Ms. Norried's delay in raising the "unlicensed status" issue, but counsel was unable to articulate any plausible basis for a legally cognizable claim of prejudice. Under these circumstances, we should "avoid the tyranny of formalism . . . and [instead] promote the resolution of cases on their merits by permitting the amendment of pleadings to reflect the actual litigation that transpired." *Moore v. Moore*, 391 A.2d 762, 768 (D.C.1978). There can be no doubt that, in the present case, the judge tried on the merits what she termed the "allegations of unlicensed contractors," and that her ruling against Ms. Norried rested on substantive rather than procedural grounds. We therefore now turn to the judge's substantive resolution of these allegations.

The judge's ruling in Caribbean's favor turned on her understanding of *Adams*, 613 A.2d at 858. In the judge's view, that decision stands for the proposition that "where a homeowner fails to provide sufficient notice to an unlicensed contractor under a specific statute, District of Columbia [c]ourts have denied the homeowner's demand for damages." *Adams*, however, involved a dispute over the installation of heating and air conditioning in the homeowner's house. The homeowner sued the contractor, *inter alia*, for failure to obtain a home improvement license. As the court pointed out in its opinion, however, licensed air conditioning mechanics are specifically exempted from the regulation requiring home improvement licenses, *see* 16 DCMR § 899.1 (2006), and the homeowner presented no evidence showing that the contractor was not entitled to the protection of this exemption. Under these circumstances, the trial judge granted judgment as a matter of law in the contractor's favor with respect to the homeowner's "unlicensed contractor" claim, and this court affirmed. We noted that the particular provisions relied on by the homeowner in an effort to avoid the exemption for air conditioning mechanics [3] were not cited in the homeowner's pleadings or in the pretrial statement, and that

> [t]his scattershot approach at pretrial, where only one provision of a statute is specified and the rest of the statute in general is mentioned, without any focus on what the pleader expects the opponent to defend under the balance of the statute, will simply not do. A defendant is entitled to more notice than that.

*Id.* at 860.

▪ The present case is entirely different. Caribbean has not claimed that it is entitled to any recognized exemption from the reach of the unlicensed contractor rule, and we know of no basis for such a claim. Further, there is no suggestion that 16 DCMR § 800.1, quoted at page 8, *supra*, is

---

**3.** D.C.Code §§ 28–3904(n), 3904(x) (1991).

not the applicable regulation, or that Ms. Norried was relying, or indeed could have relied, on some other or different prohibition. In *Adams,* the identification of specific statutory provisions was necessary in order to give the contractor reasonable notice of the statutes or regulations that it was alleged to have violated. In this case, on the other hand, the plaintiff alleged a violation of the general prohibition prohibiting certain activities by unlicensed home improvement contractors. Caribbean thus had adequate notice of the nature of the violation being alleged. If Ms. Norried had explicitly cited § 800.1, this would have provided little, if any, additional information to Caribbean.

The trial judge's order makes it clear that Caribbean was apprised of its alleged violation, namely, "that Defendant and his sub-contractors were not licensed to perform home improvement renovations in the District of Columbia." Unlike the contractor in *Adams,* Caribbean has not identified any potential exemption from cover-

age or similar defense. Transposition of language from *Adams* to this quite dissimilar factual scenario is therefore unwarranted and misleading. *See Khiem v. United States,* 612 A.2d 160, 164 (D.C. 1992), *cert. denied,* 507 U.S. 924, 113 S.Ct. 1293, 122 L.Ed.2d 684 (1993).[4]

## III.

## CONCLUSION

For the foregoing reasons, the judgment is reversed, both as to the complaint and as to the counterclaim, and the case is remanded for further proceedings consistent with this opinion.[5]

*So ordered.*

---

**4.** In *Khiem,* we quoted authority from this court and from the Supreme Court which is instructive on the issue at hand:

In *Kraft v. Kraft,* 155 A.2d 910 (D.C.1959), the court pointed out that:

It is well to remember that significance is given to broad and general statements of the law only by comparing the facts from which they arise with those facts to which they supposedly apply.

155 A.2d at 913. *See also Armour & Co. v. Wantock,* 323 U.S. 126, 132–33, 65 S.Ct. 165, 89 L.Ed. 118 (1944), where the Supreme Court aptly stated:

It is timely again to remind counsel that words of our opinions are to be read in the

light of the facts of the order under discussion. *To keep opinions within reasonable bounds precludes writing into them every limitation or variation which might be suggested by the circumstances of cases not before the Court.* General expressions transposed to other facts are often misleading.

612 A.2d at 164 (emphasis added in *Khiem*).

**5.** Because the issues relating to Caribbean's unlicensed status were tried on the merits and not waived, Caribbean, an unlicensed contractor, is precluded by 16 DCMR § 800.1 from asserting its counterclaim.