Emma BROWN, Appellant,

v.

Clara L. PLANT, Keith G. Gosman and Walter J. Grove, Appellees.

No. 2410.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 28, 1959.

Decided Jan. 12, 1960.

James J. Laughlin, Washington, D. C., with whom Albert N. Lobl, Washington, D. C., was on the brief, for appellant.

Louis H. Mann, Washington, D. C., with whom Allen Jones, Jr., Washington, D. C., was on the brief for appellee Plant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and H. Thomas Sisk, Asst. Corp. Counsel, were on brief, for appellees Gosman and Grove. Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellees Gosman and Grove.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

In August 1956 appellant filed a complaint in the United States District Court against appellee Plant, an operator of a beauty salon in a local hotel, and two members of the Metropolitan Police Department. The gist of appellant's claim was that she was wrongfully arrested and imprisoned during an attempt to find a diamond ring missing from a cash register in the salon. Appellant was employed by the hotel and assigned to clean the premises in which the cash register was located. In February 1958, pursuant to an order of the District Court, the case was certified to the Municipal Court.[1] After a lengthy trial the jury returned a verdict for appellees and this appeal followed.

In her assignments of error appellant contends that the verdict is contrary to the weight of the evidence, and that the trial court erred in denying certain instructions, in restricting cross-examination, in refus-

1. Code 1951, § 11-756 (Supp. VII).

ing to permit rebuttal testimony, and in permitting an increase in the number of jury challenges. However, once having assigned these errors, appellant then states that because of the inadequate record we cannot pass upon them. Her brief recites that "this Court cannot adequately cover the points raised and do justice to * * * appellant without a stenographic transcript of the proceedings." (A statement of proceedings and evidence was forwarded to this court in lieu of a stenographic transcript.) Appellant further informs us that the reason for the absence of the stenographic transcript is that she cannot afford one. Accordingly, she feels it should be provided for her, although neither she nor her counsel tells us who is to defray the cost.

It therefore appears that appellant's most serious claim of prejudice—although not assigned as error—is the absence of a stenographic transcript or an adequate record for appellate review. She attempts to enhance this position by stating that the case should never have been certified to the Municipal Court from the District Court where, possibly, one might have been available and, because of the certification, a right was lost.

 Turning to those errors which are assigned, we agree with appellant that it is impossible to decide the questions raised because of the insufficient record before us. We also note that the tendered instructions were not made a part of the record, nor was any attempt apparently made to include the substance of the court's charge, as required by our Rule 23(b), which provides that "If error is claimed in the court's charge to the jury, the entire charge or its substance shall be included

in the statement." This rule was not complied with. We have repeatedly held that in order for this court to pass upon the alleged errors of law, a proper record must be presented and this responsibility cannot be shifted to either the trial court or this court.

 In effect, appellant asks that we either order a stenographic transcript at public expense or review the order of certification by the District Court because a right was allegedly lost when that order was entered. Both of these contentions are totally without merit. We are aware that the District Courts have discretionary power, provided certain conditions prevail, to furnish transcripts in both civil and criminal cases.[2] If appellant's right to ask for a transcript from that court and her privilege of receiving one were lost by the order of certification, then her remedy is not to be found here. First, the order of certification was final and appealable to the United States Court of Appeals for this circuit,[3] and if appellant was harmed by the District Court's action, she should have gone there. Secondly, this court has no authority to review actions taken by the District Court.

 Finally, we know of no statute or rule which permits the Municipal Court for the District of Columbia to require a transcript at public expense, nor do we know who would pay for one if it were ordered. Perhaps, as appellant suggests, it is desirable in cases certified from the District Court that the provisions of 28 U.S.C. § 1915 (1958) also apply. However, this is an argument that should be made before the Congress, not here. Consequently, there is no alternative but to affirm.

Affirmed.

---

2. 28 U.S.C. § 1915 (1958).

3. Barnard v. Schneider, 1957, 100 U.S.App. D.C. 152, 243 F.2d 258.