Winzoir VAN DURR, Appellant,

v.

KATOR & SCOTT, CHARTERED,
Appellee.

No. 00–CV–784.

District of Columbia Court of Appeals.

Submitted Dec. 12, 2001.
Decided Jan. 10, 2002.

Winzoir Van Durr, pro se.

Mark F. Werblood, Falls Church, VA, filed a brief for appellee.

Before STEADMAN and GLICKMAN, Associate Judges, and BELSON, Senior Judge.

PER CURIAM.

Winzoir Van Durr appeals *pro se* from a judgment in favor of Kator & Scott, Chartered, in the latter's breach of contract suit against him for unpaid legal bills. Van Durr complains of the conduct of the trial, alluding to the improper introduction of allegedly manufactured evidence, the admission of hearsay and related rulings of the court. In addition, Van Durr contends that the trial court wrongly permitted Kator & Scott to disobey a court order to furnish discovery. Kator & Scott denies Van Durr's allegations and argues that they have no support in the record before us.

■ We are unable to reach the merits of any of Van Durr's contentions. We must affirm the judgment of the trial court because Van Durr has not presented us with a record sufficient to show affirmatively that the trial court committed any error. In particular, Van Durr chose not to order and include in the record on appeal a transcript of the trial or other proceedings at which the court may have addressed the issues that he would have us consider. Upon taking this appeal, Van Durr filled out a Designation of Record and Statement Regarding Transcript, in which he declined to order a transcript and checked a box to state that he considered "no transcript necessary for appeal."

■ This court has explained the requirement that appellants bear the burden of presenting a sufficient record on appeal as follows:

A judgment of any trial court is presumed to be valid. *Harvey v. United States,* 385 A.2d 36, 37 (D.C.App.1978); *see United States v. Alston,* 412 A.2d 351, 359 (D.C.App.1980) (en banc). A losing party who notes an appeal from such a judgment bears the burden of "convincing the appellate court that the trial court erred." *Harvey v. United States, supra,* 385 A.2d at 37. In meeting that burden, it is appellant's duty to present this court with a record sufficient to show affirmatively that error occurred. *T.V.T. Corp. v. Basiliko,* 103 U.S.App.D.C. 181, 183, 257 F.2d 185, 187 (1958). The responsibility of perfecting the record remains with appellant and "cannot be shifted to either the trial court or this court." *Brown v. Plant,* 157 A.2d 289, 291 (D.C.Mun.App.1960).

*Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982) (some citations omitted). We have reiterated these principles in quite a large number of subsequent cases.[1]

■ The normal, and much preferred, method of presenting the record where an appellant seeks to challenge rulings made in the course of trial or other hearing is by means of a verbatim transcript ordered

---

1. See, e.g., *Spires v. Spires,* 743 A.2d 186, 191 (D.C.1999); *Mbakpuo v. Ekeanyanwu,* 738 A.2d 776, 780–81 (D.C.1999); *Wright v. Robbins,* 733 A.2d 948, 949 (D.C.1999); *Stockard v. Moss,* 706 A.2d 561, 567 (D.C.1997); *Stebbins v. Stebbins,* 673 A.2d 184, 188 n. 5 (D.C. 1996); *Mack v. Zalco Realty, Inc.,* 630 A.2d 1136, 1138–39 (D.C.1993); *Jonathan Woodner Co. v. Adams,* 534 A.2d 292, 294 (D.C.1987); *House of Wines, Inc. v. Sumter,* 510 A.2d 492, 497 n. 9 (D.C.1986).

from the court reporter.[2] It is not necessary to order a transcript of the entire proceedings for this purpose. Rather, a party may designate and order "a transcript from the reporter of those parts of the proceedings ... deemed necessary for inclusion in the record," i.e., to demonstrate the trial error claimed by the appellant. D.C.App. R. 10(c)(1). See also D.C.App. R. 10(c)(3), (4).

We appreciate that Van Durr is proceeding on appeal without a lawyer[3] and that he may claim to be unable to afford to pay for necessary transcript. Our rules permit the losing party in a civil case who proceeds on appeal *in forma pauperis* to get a free transcript upon a showing in the trial court that a substantial question exists on appeal for the resolution of which the transcript is necessary. *See Hancock v. Mutual of Omaha Ins. Co.*, 472 A.2d 867, 871 (D.C.1984); D.C.App. R. 23(c). This provision applies to any person "who is unable to pay such costs ... without substantial hardship to himself or herself or his or her family, as established by affidavit or other proof satisfactory to the court." D.C.Code § 15–712(a) (2001). *See also* D.C.App. R. 23(b)(1). Furthermore, a person who pays for a transcript and is successful on appeal is normally entitled to recover that cost from the other party. D.C.App. R. 39(a), (e).

■ Lacking a transcript in this appeal, we have only the unsupported (and conflicting) statements of alleged fact in the parties' briefs. "Appellate review is limited to matters appearing in the record before us, and we cannot base our review of errors upon statements of counsel which are unsupported by that record." *Cobb*, 453 A.2d at 112 (citation omitted). Accordingly, we have no choice but to affirm the judgment on appeal.

*So ordered.*

■

---

**2.** In "extraordinary" cases, a formal statement of proceedings and evidence, prepared by the appellant or both parties "with special leave of this court" and approved by the trial court, may be substituted for a transcript. *See* D.C.App. R. 10(c)-(d); *Cobb*, 453 A.2d at 111; *see also Cole v. United States*, 478 A.2d 277, 283–85 (D.C.1984). Van Durr has not sought to utilize this alternative method of presenting us with an adequate record for appellate review.

**3.** The court has issued a "Pro Se Guide" to assist pro se appellants such as Van Durr.

Among other things, the guide explains how to order necessary transcript, and informs the pro se appellant that "[t]he party appealing an order or judgment of the Superior Court must identify and designate any part of the record needed in order for the appeals court to understand the claims and that the trial court committed some error in deciding the case."