U.S. District Court
No. 2005-564

STEPHEN A. DILLMAN

v.

TOWN OF HOOKSETT

Argued: February 22, 2006
Opinion Issued: April 7, 2006

*Brown, Olson & Gould, P.C.*, of Concord (*Richard C. Mooney* on the brief and orally), for the plaintiff.

*Warren D. Atlas* and *Laurie W. Engdahl*, of Bedford, Massachusetts (*Mr. Atlas* and *Ms. Engdahl* on the brief, and *Mr. Atlas* orally), and *Thomas B. Merritt*, of Littleton, on the brief, for the defendant.

DALIANIS, J. Pursuant to Supreme Court Rule 34, the United States District Court for the District of New Hampshire (*Muirhead*, J.) certified the following question for our consideration:

> Whether, under New Hampshire law, including N.H. RSA 273-A, an individual public sector union member may be assigned his union's right under N.H. RSA 542:8 to seek a vacation, confirmation, correction, or modification of an arbitration award entered in an arbitration conducted pursuant to a collective

bargaining agreement between the member's union and his employer.

We respond in the negative.

The district court's order provides the following facts. The defendant, Town of Hooksett (Hooksett), terminated the employment of the plaintiff, Stephen Dillman, on May 24, 2002. At the time of his termination, Dillman was a member of the Hooksett Permanent Firefighter Association I.A.F.F., Local 3264 (the Union), which served as a certified union for Hooksett firefighters. The Union's collective bargaining agreement with Hooksett included a grievance article that specifically provided it was subject to the provisions of RSA chapter 542.

The Union filed a grievance with Hooksett on behalf of Dillman following his termination. Arbitration was held in accordance with the collective bargaining agreement, resulting in an award by the arbitrator finding that Hooksett had "just cause" for terminating Dillman.

Dillman subsequently brought suit in superior court, alleging that the Union had assigned him its rights under RSA 542:8 (1997) to seek review, modification, and correction of the arbitrator's award. Hooksett, alleging a federal question, removed the case to federal court. It then moved to dismiss the case for lack of subject matter jurisdiction, arguing that Dillman lacked standing under RSA 542:8, either directly or by any purported assignment. Recognizing that "[t]he right to assign the claim of a bargaining unit to an individual has not been determined under New Hampshire law," the district court certified the above question to this court.

The right to seek judicial review of an arbitration award is granted by RSA 542:8, which states, in relevant part:

> At any time within one year after the award is made any party to the arbitration may apply to the superior court for an order confirming the award, correcting or modifying the award for plain mistake, or vacating the award for fraud, corruption, or misconduct by the parties or by the arbitrators, or on the ground that the arbitrators have exceeded their powers.

We are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. *Soraghan v. Mt. Cranmore Ski Resort*, 152 N.H. 399, 401 (2005). We first examine the language of a statute and, where possible, we ascribe the plain and ordinary meanings to the words used. *Id.* Reading RSA 542:8 in this light, we find it plainly provides that being a party to an arbitration is a precondition to applying

for a judicial order confirming, correcting, modifying, or vacating the arbitration award.

We reached a similar conclusion in *O'Brien v. Curren*, 106 N.H. 252 (1965), after considering whether plaintiffs represented by a union in arbitration proceedings could attack the arbitration award despite their absence from those proceedings. The right of such plaintiffs to intervene, we said, "was not guaranteed by [RSA 542:8] since they were not 'parties' to the arbitration." *Id.* at 257. Though we have not been asked to revisit the matter in the four intervening decades, we note that other jurisdictions contemplating analogous issues under federal labor laws have articulated the principle that an individual employee represented by a union "generally does not have standing to challenge, modify, or confirm an arbitration award because the employee was not a party to the arbitration." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 131 (4th Cir. 2002); *see also Cleveland v. Porca Co.*, 38 F.3d 289, 296-97 (7th Cir. 1994); *cf. Aloisi v. Lockheed Martin Energy Systems, Inc.*, 321 F.3d 551, 558 (6th Cir. 2003). "This rule follows from the fact that the union and the employer, and not the individual employee, are usually the only signatories to the CBA." *Aloisi*, 321 F.3d at 558.

█ An exception to this general rule exists when the union has breached its duty of fair representation to the employee. *Bryant*, 288 F.3d at 131; *cf. O'Brien*, 106 N.H. at 257 (authority of bargaining agent is subject to fiduciary duty of fair representation, and individual employees have the right to question whether union performed that duty in arbitration proceedings). Thus, to have standing to challenge an arbitration proceeding to which a representative union and the employer were the only parties, an individual employee must bring a claim against the union for breach of its duty of fair representation. *Katir v. Columbia University*, 15 F.3d 23, 24-25 (2d Cir. 1994); *see also Aloisi*, 321 F.3d at 558. In the present case, the plaintiff has made no such claim; rather, in return for a purported assignment of the union's right to seek judicial review of the arbitrator's decision, he has agreed in writing to surrender his right to bring a claim against the union for breach of the duty of fair representation.

The plaintiff argues that the Union's assignment of its rights under RSA 542:8 is subject to no statutory or contractual prohibition. In support of his argument, he cites RESTATEMENT (SECOND) OF CONTRACTS § 317 (1979), which states the rule that assignments of contractual rights are valid unless:

> (a) the substitution of a right of the assignee for the right of the assignor would materially change the duty of the obligor, or

materially increase the burden or risk imposed on him by his contract, . . . or

(b) the assignment is forbidden by statute or is otherwise inoperative on grounds of public policy, or

(c) assignment is validly precluded by contract.

RESTATEMENT (SECOND) OF CONTRACTS § 317(2). Assuming, without deciding, that the rights afforded by RSA 542:8 to parties to arbitration may be deemed contractual in nature, we nonetheless find the plaintiff's argument unpersuasive.

We believe, first and foremost, that public policy considerations preclude the assignment of a union's right to seek judicial review of an arbitration decision to aggrieved individual employees. While RSA chapter 542 governs the arbitration of disputes, RSA chapter 273-A, New Hampshire's Public Employee Labor Relations Act, governs the relationship between public employers and their employees, including the determination and certification of exclusive bargaining representatives. RSA chapter 273-A was enacted in 1975 "to foster harmonious and cooperative relations between public employers and their employees and to protect the public by encouraging the orderly and uninterrupted operation of government." Laws 1975, 490:1; *see Appeal of House Legislative Facilities Subcom.*, 141 N.H. 443, 445-46 (1996). Specifically, RSA chapter 273-A reflects a legislative purpose of achieving labor peace by requiring collective bargaining between a public employer and an exclusive representative of all employees within a bargaining unit. *Nashua Teachers Union v. Nashua School Dist.*, 142 N.H. 683, 687 (1998). "Labor peace is enhanced by providing employees with a single voice when bargaining with their employer, and by eliminating the burden on the employer of facing conflicting demands from various employees within a single working unit." *Id.* at 688.

We believe that the same underlying principle extends to all phases of arbitration proceedings initiated pursuant to a collective bargaining agreement between a public employer and an exclusive bargaining representative. Permitting a union to unilaterally assign its right to demand arbitration under a collective bargaining agreement to an individual employee in exchange for a discharge from its duty of fair representation would, potentially, subject a public employer to a deluge of grievances and arbitration demands of variable, and perhaps negligible, merit. This would bring with it the attendant reality of dealing directly with multiple individual employees without collective representation, plausibly requiring a greater expenditure of public resources than an

employer may have contemplated during negotiations with a union. Such a result could materially increase the burden upon a public employer that has negotiated the terms of a collective bargaining agreement in good faith, while leaving the union insulated from liability to the employees it was organized to represent.

■ The plaintiff observes that assignment of a union's right to demand arbitration is distinguishable from assignment of its right to seek judicial review of an arbitrator's award. Though they may be discrete rights, they are, nonetheless, related to phases of the same process. Permitting a union to assign its right to seek judicial review of an arbitrator's decision pursuant to RSA 542:8 would have no less harmful an effect than permitting the assignment of its right to demand arbitration. We conclude, therefore, that an assignment such as that sought by the plaintiff would contravene the dual public policies, as expressed by the legislature when enacting RSA chapter 273-A, of fostering harmonious and cooperative relations between public employers and their employees and protecting the public by encouraging the orderly and uninterrupted operation of government.

Evaluating the Union's purported assignment of its rights under RSA 542:8 to the plaintiff in light of the RESTATEMENT (SECOND) OF CONTRACTS § 317(2), as the plaintiff urges us to do, we conclude that such assignment is invalid. As we explained above, it "materially increase[s] the burden or risk imposed" upon Hooksett, RESTATEMENT (SECOND) OF CONTRACTS § 317(2)(a), and is "inoperative on grounds of public policy," *id.* § 317(2)(b).

■ Because we conclude that the assignment of a union's right under RSA 542:8 to apply to seek confirmation, correction, modification, or vacation of an arbitration award to an individual employee is contrary to the public policy articulated by the legislature when enacting the New Hampshire Public Employee Labor Relations Act, RSA chapter 273-A, we answer the certified question in the negative.

*Remanded.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.